## PETER E. BOWMAN *v.* J. W. CUDWORTH.

EXCEPTIONS TO INSTRUCTIONS TO JURY.—Where there is in the transcript a stipulation by the parties that "the plaintiff *duly excepted*" to the "charges and each part thereof," it will be construed as a stipulation that the exceptions were sufficiently specified to render them available.

SURRENDER AND DESTRUCTION OF DEED.—If the title to land passes by the execution and delivery of a deed, it cannot be afterwards divested by the surrender and destruction of the deed.

ESTOPPEL BY JUDGMENT.—H., who had no title, commenced an action against C., then in possession, to recover a tract of land. The title was in G., who, during the pendency of the action, conveyed to B. Soon after, and before the trial, B. delivered up his deed to G., and the same was destroyed, and at the same time G. executed and delivered to the plaintiff H. a deed of the same land. H. then stipulated that C. have judgment, which was rendered accordingly. After judgment, G.'s deed to H. was surrendered up and destroyed, and G. again conveyed to B. C. knew nothing of these transactions. B. then sued C. to recover possession of the land. *Held,* that B. was not estopped by the judgment of C. against H. from set-

ting up title as against C., and that the judgment is not evidence tending to show an estoppel. *Held, further,* that these facts did not constitute an estoppel *in pais.*

ESTOPPEL *in pais.*—To constitute an estoppel *in pais* there must be some act or admission or neglect to act on the part of the party estopped upon which the other party has acted or relied, and in consequence thereof and through the fault of the party estopped, has placed himself in some respect in a worse position than he otherwise would have been.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Delos Lake,* for Appellant, argued that the judgment in the action of *Hastings* v. *Cudworth* was properly admitted in evidence, and that it was a bar to plaintiff's recovery, because even if the destruction of the first deed did not in law re-invest the title in Galloway, yet as between Bowman and Cudworth, Bowman was estopped from denying that it did have such effect. He also argued that the exception was in effect to the whole charge of the Court, and that such exception could not avail if any part of the charge was correct; and cited *Murry* v. *Smith,* 1 Duer, 412; *Jones* v. *Osgood,* 2 Selden, 233; *Caldwell* v. *Murry,* 1 Kernan, 416; 1 Black. U. S. 218; and 1 Wallace, 654.

*Porter & Holladay,* for Respondent, argued that as there was no abuse of discretion in granting the new trial, the order would not be reversed, and that the judgment in *Hastings* v. *Cudworth* never had any judicial vigor as between the parties in this action.

By the Court, SAWYER, J. :

In an action to recover land the defendant, Cudworth, had a verdict, which the Court set aside on application of plaintiff, and the defendant appeals from the order vacating the verdict and granting a new trial. No opinion was filed when the new trial was granted, and we are not informed upon what grounds the order was based. The appellant's counsel claims,

that the only ground presented in the statement upon which the Court could have based its action, is, error in law in admitting in evidence the judgment roll in the case of *Hastings* v. *Cudworth et al.*, or in giving to the jury some one or more of the instructions submitted; and that the latter hypothesis is inadmissible for the reason, that the exceptions to the instructions were taken to them in gross, as a whole, without specifying the particular part claimed to be erroneous. It is a sufficient answer to the last objection to say, that the specific mode in which the exceptions were taken to the instructions, when given to the jury at the trial, is not disclosed by the record. The entries made at the time and the particulars do not purport to be set out in the statement on motion for new trial. It is simply and briefly stated " to which charges, and each part thereof, the plaintiff duly excepted," and this statement is agreed to by the counsel of the respective parties. They agree that the plaintiff " duly excepted," without specifying the particulars of the proceedings by which it was accomplished. Besides, there is nothing to show that any such objection was taken in the Court below.

The following are the facts necessary to a proper understanding of the grounds of this decision: In May, 1850, one Pell had a tract of land surveyed, upon which he had previously settled, and upon which he then resided, and set up a claim thereto. The tract claimed by him included the premises in question. In the spring of 1853, Smith and Kelly went upon the premises in question to establish a " milk ranch," as they termed it; whereupon the Pell family interposed their claim, and an arrangement was then made between Mrs. Pell and her son—the husband being absent—by which Smith and Kelly were permitted to remain and occupy the premises, in consideration of furnishing the family with a certain quantity of milk daily. Under this arrangement they fenced the premises, built stables and occupied for the purpose indicated, and delivered the milk regularly during the spring and summer of 1853—" the grass season "—and then ceased to deliver. About August, 1853, Smith and Kelly sold out

their cows, buildings and improvements to defendant, Cudworth. Cudworth went into possession, and he has continued in possession ever since. On the 10th of April, 1860, one Hastings commenced a suit against defendant, Cudworth, and various other parties, to recover a tract of land which included the premises in controversy in this case. At that time Hastings, so far as the record discloses, had no sort of claim or title to the *locus in quo*. On the 15th of July following, (1860,) one Galloway had acquired, and then owned, all the interest in said premises which Pell had, and being such owner on that day, he duly executed, acknowledged and delivered to the plaintiff, Bowman, a conveyance of said premises, whereby said Bowman became vested with all the title which Pell had. On the 12th of February following, (1861,) plaintiff delivered up to Galloway his said deed, and thereupon Galloway on the same day, (February 12th, 1861,) without any new consideration, executed, acknowledged and delivered to said Hastings another deed covering the same premises, which deed was antedated April 3d, 1860, before the commencement of said suit of *Hastings* v. *Cudworth*. Neither of said deeds was ever recorded. Hastings had no interest in said suit, but it was brought in his name and managed by one Moon for his own purposes. On the 3d of July, 1862, said suit of *Hastings* v. *Cudworth et al.* was referred by consent of parties to a referee to try all issues and report a judgment, and at the trial it was stipulated between the parties, that, as to defendant, Cudworth, judgment should be entered in his favor for the premises in controversy. On the 5th of July the referee reported a judgment in favor of Cudworth, defendant in that suit, in pursuance of such stipulation. Judgment in pursuance of such report was entered in favor of Cudworth on the 9th of July, 1862. On the 29th of May, 1863, without any further consideration, said Galloway duly executed a third conveyance of said premises to plaintiff, Bowman, which was duly recorded, and the said second deed executed by him (Galloway) to Hastings was surrendered and mutilated. The third deed was the only deed recorded.

The defendant, under objection and exception on the ground of irrelevancy, introduced in evidence the judgment roll in said suit of *Hastings* v. *Cudworth et al.*, and proved the other facts stated to show that the matter of title is *res adjudicata* in favor of defendant, Cudworth. Although the first deed from Galloway to Bowman passed the title to Bowman, (which, it is admitted, was not divested by the subsequent surrender and destruction of the deed,) and Hastings took nothing by the deed subsequently made and antedated, yet, it is claimed that Bowman is estopped from alleging as against defendant, Cudworth, that nothing passed to Hastings. This testimony having been admitted for the purpose stated, the Court gave to the jury the following instruction based upon it:

" If you find from the evidence that the land in dispute in the case is the same, or embraced within and a part of the land in the suit of *Samuel A. Hastings* v. *J. W. Cudworth et als.*, and for which the defendant, Cudworth, had judgment in his favor, and also find that the conveyance of Galloway to Hastings was made by the request or procurement of Bowman, then the defendant is entitled to your verdict."

If Bowman is not estopped by the matters stated, then, clearly, this instruction and another of a similar character are erroneous, and the testimony itself was improperly admitted; for we cannot perceive that it was admissible upon any other principle. The title derived from Pell was in no sense in issue, unless Bowman is estopped from setting up his prior title derived from Galloway. Was he so estopped? The appellant has not cited a single authority on this point, and we know of none that sustains his position. If estopped at all, it is by matter *in pais*, and the case appears to us to lack the essential elements of estoppel by matter *in pais*. Matter *in pais*, so far as it relates to the question in hand, is where some admission has been made, or some act done or acquiesced in, or some party has permitted an act to be done for his benefit, knowing the fact, without objection; or has failed to

speak out when he ought to have done so, and by reason of the same another party has been induced to part with some advantage, or in some respects to change his position. (*Dezell v. Odell*, 3 Hill, 219, 221 ; 1 Green. Ev. S. 207.) There must be some act or admission, or neglect to act on the part of the party estopped upon which the other party has acted or relied, and in consequence thereof and through the fault of the party estopped, placed himself in some respect in a worse position than he otherwise would have been. For a full discussion of the doctrine of estoppel see *Biddle Boggs* v. *Merced Mining Co.*, 14 Cal. 367, and *Davis* v. *Davis*, 26 Cal. 40. Under certain circumstances, possibly, Bowman, in consequence of his acts, might have been estopped from setting up his title as against parties claiming under Hastings, but what possible ground of estoppel is there as against Cudworth within the principles laid down in the authorities cited ? What act or omission of Bowman's did Cudworth rely upon, and place himself in a worse position in consequence of such reliance ? By what proceeding of Bowman's was he misled to his injury ? The record discloses none. Moon, for his own purposes, commenced a suit without title in the name of Hastings, as early as April 10th, 1860. At that time neither Bowman, Moon nor Hastings is shown to have had any title whatever. Bowman had not yet been brought into any relation whatever with the premises. The title, such as it was, was still in Galloway. The suit, therefore, could not have been brought with reference to what long afterwards took place. In July, Bowman acquired the Pell title. In February, 1861, nearly a year after the commencement of the suit, the idea of recovering in Hastings' name seems to have occurred, if this was the object of the proceeding, and Galloway made a deed to Hastings when he had no title whatever, and antedated it so as to make it reach back before the commencement of the suit. This was clearly an afterthought. But Cudworth does not seem to have had any knowledge of these transactions at any time prior to the date of the judg-

ment in that suit, and when they came to the trial the deed was not used against him, for it was stipulated that Cudworth should have judgment against Hastings, and it was so entered in his favor. The Pell title was not in Hastings, and was not put in issue or evidence at all. Cudworth did not act or rely upon any of these proceedings between Hastings and Bowman, or so far as shown, know anything about them. Nor was he in any respect misled to his injury, or injured by them. We can perceive no ground upon which the doctrine of estoppel can be made applicable upon the facts as presented by the record. This being so, the judgment roll in the case of *Hastings* v. *Cudworth et al.* is irrelevant, and the instructions based upon it are erroneous. The Judge who tried the case, upon a more deliberate review of the facts, upon motion for new trial, doubtless became satisfied of the error and made the order which is the subject of this appeal. At all events, here is a sufficient ground upon which to base the order, and there is no occasion to examine the record further for other errors.

Order granting a new trial affirmed.