## C. H. KILLEY AND C. H. LAPHAM *v.* JOHN WILSON, LYMAN F. GREEN, AND HETTY C. GREEN, HIS WIFE.

EQUITABLE TITLE TO LAND.—If, in ejectment, the attorneys of the parties stipulate in writing that one of the defendants consents to a reference, and that plaintiff will within five days execute to said defendant a deed of a part of the land in controversy, such stipulation gives such defendant an equitable title to the land named in it, although judgment in the action is for plaintiff.

NOTICE OF EQUITABLE TITLE.—Possession of land, claiming title, and having an equitable title, is notice to a purchaser, from one holding the legal title, sufficient to put him on inquiry as to the possessor's right.

SURRENDER OF DEED.—The surrender of a deed and its destruction does not revest the legal title in the grantor.

RELIEF IN ACTION TO QUIET TITLE.—In an action, brought in the usual form, to quiet title, the Court will not decree a specific performance of an agreement of the defendant to convey to the plaintiff's executor.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

April 10th, 1860, S. A. Hastings commenced an action of ejectment in the said Court against J. W. Cudworth and others, including Lyman F. Green, and Hetty C. Green, his wife, to recover possession of a tract of land, which included Blocks Two Hundred and Forty-Two and Two Hundred and Sixty-Four. Said Greens answered, denying the allegations of the complaint, July 5th, 1860. July 3d, 1862, the attorneys stipulated in writing to refer the cause to a referee to report a judgment, and on the same day the plaintiff's attorney stipulated in writing that the plaintiff Hastings should within five days execute to Hetty C. Green a quitclaim deed of conveyance, properly acknowledged, of Blocks Two Hundred and Forty-Two and Two Hundred and Sixty-Four. The stipulation of reference was filed July 5th, 1862, but no order of Court was made touching the reference. On the 5th day of July, 1862, the referee filed his report, stating that he had tried the cause and found certain facts and conclusions of law, and reported a judgment in favor of the plaintiff. On the 9th day of July, following, the Court, on motion of plaintiff's attorney, entered an order referring the cause, as of July third. The judgment roll was then, on the ninth of July, made up by the Clerk, founded upon and embracing the previous report of the referee. On the 14th day of April, 1863, Hastings conveyed Block Two Hundred and Sixty-Four to the plaintiffs in this action, and at the time of such conveyance Green and his wife were in possession of the same, and living on it. Prior to this conveyance, Hastings gave Mrs. Green an unacknowledged deed of said blocks, and soon after, a deed of Block Two Hundred and Forty-Two, duly acknowledged, when the unacknowledged deed was given up to Hastings, and destroyed.

The plaintiffs commenced this action to quiet title, and the defendants Hetty C. and Lyman F. Green answered,

setting up title to a part of Block Two Hundred and Sixty-Four, and praying that the Court would adjudge that plaintiffs had no estate or interest in the same.

The plaintiffs on the trial relied on the judgment in *Hastings* v. *Cudworth et al.* as an estoppel. The Court found for the defendants Green and wife, and granted them the affirmative relief prayed for.

The plaintiffs appealed from the judgment and from an order denying a new trial.

*H. H. Haight*, for Appellants, confined his argument to the validiy of the judgment in *Hastings* v. *Cudworth et al.*

*W. C. Burnett*, for Respondents.

The title passed to the respondent Hetty C. Green the instant of the delivery of Hastings' deed to her, and is still in her, even if the judgment in the Hastings suit is a good one, for that deed was executed and delivered before Hastings deeded to appellants. The delivery back by Mrs. Green's attorney to Hastings of the deed, whether it was or was not afterwards destroyed, did not divest her of title. (*Hatch et al.* v. *Hatch et al.*, 9 Mass. 307; *Davis et ux.* v. *Spooner*, 3 Pick. 284; 1 Greenleaf on Ev. Sec. 568.)

Inasmuch as Mrs. Green has all along been the equitable owner of the premises, and been in possession, it was the duty of appellants to have inquired of her as to her title to and rights in the premises, before taking a deed from Hastings.

By the Court, RHODES, J.:

The judgment roll in the case of *Hastings* v. *Cudworth*, after the defendants presented the objection to its admission, on the ground that it was null and void, was received in evidence by consent of parties, with the understanding and agreement that the Court, after examining the papers,

orders, etc., should pass on the objection. The Court sustained the objection, and this is the sole error relied on by plaintiffs. For the purpose of determining the appeal, it is unnecessary to consider this question; and although it may be as the plaintiff's counsel regards it—one of very great interest and importance—we decline to examine it, because, conceding that the judgment offered in evidence is valid, or that it is not open to a collateral attack, the judgment in this case must still be for the defendant, Hetty C. Green. At the time that case was referred by the stipulation of the parties, it was also stipulated that the plaintiff in that case should, within five days, execute and properly acknowledge a quitclaim deed to Hetty C. Green, of Blocks Numbers Two Hundred and Forty-Two and Two Hundred and Sixty-Four. She claims in this action only a part of Block Two Hundred and Sixty-Four. The stipulation secured to her the equitable title, as against Hastings, and it was equally available in her favor against the present plaintiffs, who are purchasers from Hastings, for, at the time of their purchase she was in possession, claiming title, and that was sufficient to put them upon inquiry as to her right or title. It also appears that the deed was executed and delivered by Hastings to Hetty C. Green in accordance with the stipulation, except that it was not acknowledged. The legal title, so far as the same was held by Hastings, under his judgment or otherwise, passed to her through that deed. Subsequently, and after a controversy between the parties, respecting the deed and its acknowledgment, Hastings executed a deed of Block Two Hundred and Forty-Two, and she paid him two hundred dollars, and returned the first deed to be torn up. The surrender of the deed and its destruction—if it was destroyed—did not revest the legal title in Hastings. (*Bowman* v. *Cudworth*, 31 Cal. 152; 2 Wash. on Real Property, 557; Greenl. Ev. Sec. 568, and cases cited.) If the agreement, at the time the deed was returned to Hastings was such as entitled him to a reconveyance of Block Two Hundred and Sixty-Four, that relief cannot be granted here,

for the plaintiff has not stated such a case in the complaint, the action being in the form usual in actions to quiet title, and not an action for a specific performance.

Judgment affirmed.

Mr. Justice SAWYER did not express an opinion.