[Civ. No. 206.   Third Appellate District.—May 15, 1906.]

JOHN T. WOMBLE and ADELLA WOMBLE, Appellants,
v. I. R. WILBUR, E. I. BRADDOCK, and STOCKTON
SAVINGS BANK, Respondents.

Escrow—Payment in Installments—Prior Agreement for Inter-
est—Notice—Right of Bona Fide Purchaser to Deed.—A
*bona fide* purchaser from a grantee in possession of land, between
whom and his grantor an escrow agreement had been made, calling
for payment in full of specified installments of purchase money,
and the delivery of a deed thereupon to the grantee or his assigns,
and which was silent as to any interest, who had no actual notice
of a prior agreement charging the original grantee with interest,
was not chargeable with constructive notice thereof by its subse-
quent record after his purchase, and was only required by reason
of the grantee's possession to look to the terms of the escrow,
and upon completing payment of the installments provided for
therein was entitled to the deed; and the interest was chargeable
only against the original grantee.

Id.—Action to Cancel Agreement and Deed—Claim of Interest—
Motion for Judgment upon Pleadings—Issues.—In an action to
cancel the agreement for purchase and the deed, where the com-
plaint charged willful neglect to pay the interest alleged to be due,
and the answers of each of the defendants took issue upon the
willful or other failure or refusal of the grantee to perform the
contract, and the grantee alleged a full performance thereof on
his part, a motion for judgment upon the pleadings was properly
refused.

Id.—Evidence of Nonpayment of Interest.—The court properly al-
lowed evidence of nonpayment of interest against the original
grantee, and excluded it against the purchaser from him, and against
the bank which held the escrow.

Id.—Secondary Evidence—Letter from Plaintiff—Absence of
Demand.—Secondary evidence of the contents of a letter from
plaintiff to defendant was not admissible, where no previous de-
mand for the letter and refusal to deliver it was shown.

Id.—Evidence—Time of Notice to Purchaser.—A question by plain-
tiff to the original grantee whether he ever gave to the purchaser
from him notice of the prior agreement was properly sustained,

on the ground that it was not limited to a time prior to his purchase.

Id.—Impeachment of Party's Own Witness.—It is not competent for a party to ask impeaching questions of his own witness.

Id.—Admissions of Grantee not Evidence Against Purchaser.—The admission of the grantee as a party is only evidence against himself; and evidence of an admission or declaration made by him that he gave the purchaser a copy of the prior agreement when he sold to him cannot bind the purchaser in any way or make him liable for the interest.

Id.—Cross-examination of Purchaser.—Where the purchaser was called for the plaintiff to prove what payments he had made under the prior agreement or otherwise, it was legitimate cross-examination to show that he made his payments only upon the instructions to the bank in regard to the escrow, and that he had not seen an agreement calling for interest prior to his purchase, and to narrate his whole course of conduct in connection with his payment to the bank, and that no demand was ever made upon him for interest.

Id.—Admission of Instruments—Execution not Proved—Objection upon Appeal.—The objection that instruments were admitted in evidence without proof of the signatures cannot be raised upon appeal for the first time.

Id.—Papers of Bank—Cross-examination of Officer.—Where an officer of the bank was called as a witness for the plaintiff, and testified as to certain papers of plaintiff connected with the escrow, and the demand for the return of the deed, it was proper, on cross-examination, to call upon him to testify in relation to other papers in possession of the bank in connection with the sale of the property.

Id.—Parol Evidence—Modification of Terms of Escrow—Verbal Instructions.—The escrow agreement and the instructions to the bank in relation thereto being in writing, the terms thereof could not be modified against the bank by evidence of verbal instructions given by plaintiff to the bank when he deposited the deed in escrow.

Id.—Demand of Interest from Purchaser.—The purchaser from the original grantee being protected by the terms of the escrow agreement, evidence of a demand of interest by one of the plaintiffs from him was properly excluded, on the ground that it was incompetent as to him, and that the terms of the written agreement could not be thus changed.

APPEAL from a judgment of the Superior Court of San Joaquin County.   W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellants.

S. D. Woods, for I. R. Wilbur, Respondent.

Campbell, Metson & Campbell, for E. I. Braddock, Respondent.

A. L. Levinsky, for Stockton Savings Bank, Respondent.

BUCKLES, J.—On May 24, 1900, John T. Womble and I. R. Wilbur entered into the following agreement:

"This agreement made and entered into this 24th day of May, 1900, by and between John T. Womble of Hodson, Calaveras County, State of California, party of the first part, and I. R. Wilbur, of the City and County of San Francisco, State of California, party of the second part,

"Witnesseth, That for and in consideration of the sum of one dollar to him in hand paid, the receipt whereof is hereby acknowledged, and other valuable considerations to him moving from the party of the second part, the party of the first part hereby agrees to grant, bargain, sell and convey unto the party of the second part, all his right, title and interest in and to the SW. ¼ and the W. ½ of the E. ½ of section 29, township 2 N., range 12 E., M. D. B. & M., and the NE. ¼ of section 32, township 2 N., range 12 E., M. D. B. & M., containing 479 acres of land more or less, situated in the County of Calaveras, State of California, together with all the improvements and appurtenances thereunto belonging or in anywise appertaining; which said land adjoins the Royal mining property on the south; upon the following terms and conditions, to wit: The price to be paid for said property is the sum of thirty thousand dollars, payable in installments, as follows:

"July 10, 1900, $1875; January 10, 1901, $3750.
"July 10, 1901, $3750; January 10, 1902, $3750.
"July 10, 1902, $3750; January 10, 1903, $3750.
"July 10, 1903, $3750; January 10, 1904, $5625.

"On the signing of this agreement, the party of the first part agrees to execute a good and sufficient deed of conveyance of the property, free and clear of all encumbrances, and

deposit the same in escrow with some bank in the City of Stockton, State of California, with instructions to said bank to deliver said deed to the party of the second part upon the payment by him of all the installments of the purchase money hereinbefore provided for, provided that any and all installments remaining unpaid on the 10th day of July, 1901, shall thereafter bear interest at the rate of six per cent per annum, said interest to be payable on the 10th day of July each year; and provided further, that if any of the installments of the purchase money shall remain unpaid for sixty days after it shall become due, the said party of the first part shall have the right and privilege of withdrawing said deed from escrow, and terminating this agreement, in which event the party of the second part shall forfeit all payments that have been previously made. The installments of purchase money hereinbefore provided for shall be payable at the said bank with which said deed in escrow shall be deposited, to the order of the party of the first part. On the signing of this agreement the party of the second part shall have the right and privilege of entering upon the said premises, and to open, develop and work the mines situated on said property, and to sink shafts, drifts, chutes, and stopes, and to extract the ore therefrom, and reduce or sell the same and retain the proceeds therefrom; said right and privilege, however, to terminate at the option of the party of the first part in case of default in the payment of any installment of the purchase money within sixty days after the same shall become due as hereinbefore provided; and during the currency of this agreement the party of the first part shall not in any way interfere with the workings in said property on the surface or underground, but he shall have the privilege of remaining upon the property and working the agricultural portion of it, for which he shall pay to the party of the second part the amount of one hundred and fifty dollars per annum, payable in advance.

"It is also understood and agreed that the party of the second part shall have the privilege to pass over and use such land as is necessary in the prosecution of the development of said mines.

"When the last payment is made, the party of the first part shall vacate the premises, leaving the buildings in as good repair as they are at the signing of this agreement, natural

wear and tear excepted, provided, however, the said party of the first part shall have the right to remove from said premises a building owned and occupied by C. O. Womble and one occupied by C. C. Crane.

"It is hereby further distinctly understood and agreed that time is of the essence of this agreement, and the due performance of the several conditions hereof by the party of the second part is a condition precedent whereupon depends the right of the party of the second part under this agreement. This agreement shall be binding upon and its rights and privileges shall inure to the benefit of the heirs, executors, administrators and assigns of the respective parties hereto. In witness whereof, the parties hereto have set their hands and seals, the day and year first above written.

(Signed)  "JOHN T. WOMBLE.     (Seal)<br>
"I. T. WILBUR.          (Seal)"

The above contract was duly recorded December 8, 1901.

A proper deed was prepared in accordance with said agreement and the Stockton Savings Bank was selected as the bank in which said deed should be placed in escrow, and on May 24, 1901, the deed was deposited in said bank with the following agreement or letter of instructions:

"To the Stockton Savings Bank, Stockton, Cal.:

"There is herewith deposited by me with you a certain deed, of date October 18, 1899, made by me to I. R. Wilbur, of that certain land situate in the County of Calaveras, State of California, and described as the southwest quarter and the west half of the east half of section twenty-nine, township 2 north, range twelve east, M. D. M., and the northeast quarter of section thirty-two, township two north, range twelve east, M. D. M., containing 479 acres, more or less. This deed is delivered to you in escrow, to be held by you subject to the following conditions:

"The said I. R. Wilbur is to pay into your bank for me, the following sums of moneys at the following designated times, viz.:

"On July 10th, 1900, the sum of $1875; on January 10th, 1901, $3750; on July 10th, 1901, $3750; on January 10th, 1902, $3750; on July 10th, 1902, $3750; on January 10th,

1903, $3750; on July 10th, 1903, $3750; on January 10th, 1904, $5625.

"When all of such payments shall have been made in the sums and at the times specified you will deliver the said deed to said I. R. Wilbur, or his assigns, or upon his written order. If the said payments be not made in the amounts and at the times specified and there shall be default in such payments to you for me, for the period of sixty days next after any of said dates, then and in that event such deed, on demand by me, shall be delivered by you to me.

"Witness my hand this 24th day of May, 1900.

"JOHN T. WOMBLE. (Seal)

"I, the party grantee, named in the deed this day deposited with you in escrow, hereby recognize the foregoing as a correct statement of the terms of the escrow.

"I. R. WILBUR."

"The foregoing trust is hereby accepted and the said deed specified in the foregoing instruction is accepted subject to the conditions above mentioned.

"STOCKTON SAVINGS BANK.

"By SIDNEY NEWELL, Cashier."

I. R. Wilbur paid all of said installments up to and including that of July 10, 1901, but paid no interest and none was demanded. On September 7, 1901, he assigned his interest in the agreement of sale to E. I. Braddock.

Before the suit Womble assigned one-half of his interest in the contract to his wife, Adella Womble.

Womble remained in possession of the agricultural land and Wilbur took possession of the mining grounds.

The action was brought to annul the said agreement of sale and the right to purchase the mining property thereunder. Judgment was that Wilbur was indebted to plaintiff for the sum of $2,150 on account of interest due on said contract and that plaintiff was entitled to recover the $5,625, deposited in bank and that the bank deliver the said deeds to E. I. Braddock. That plaintiffs take nothing against Braddock and the bank, but that each of these recover their costs of plaintiffs, and that the plaintiffs recover their costs of I. R. Wilbur.

The court also refused to cancel said deed or annul the contract.

The appeal is from the judgment and comes here on a bill of exceptions. In the appeal of Wilbur (No. 157) from the same judgment, we did not have the evidence before us as now. As to Wilbur, the judgment was against him for $2,150, the same being interest due on his contract of sale with Womble, and that he have a credit of $300 to be taken therefrom on account of rent for two years due from Womble, which Womble had by said agreement promised to pay for the use of the agricultural land included in said deed. It is clear that Wilbur did not consider the escrow agreement as superseding, changing or modifying the first agreement, for on September 10, 1902, he wrote to Mr. Womble in relation to the payment of interest and in which he disclaimed any liability, it was not put upon the ground that the interest clause had been abrogated by the escrow agreement, but that Mr. Braddock had stepped into his shoes, but says he don't know whether Braddock understood about the payment of interest. And on April 2, 1903, he again wrote Womble to the same effect, and at the trial testified that these letters were in answer to letters Womble wrote him, stating the interest had not been paid. When he paid the January installment he paid no interest and none was demanded. But inasmuch as this is a suit in equity, and plaintiff asking the cancellation of the contract of sale, praying "for such other and further relief as may seem meet," and it being shown by the evidence that plaintiff did occupy the said agricultural lands and failed to pay the last two years' rent contracted to be paid, and further that the question of rent and of interest has already been determined in said appeal No. 157, of this court, we see no reason for disturbing the judgment so far as it relates to Wilbur.

The remaining question before us is: Was E. I. Braddock entitled to have the deeds to said property delivered to him upon his paying all the installments remaining unpaid at the time he purchased from Wilbur?

The agreement for interest was not recorded until December 8, 1902, more than one year after the sale to Braddock, and therefore was not notice to Braddock of its terms or of its existence. Although there is some conflict in the evidence as to whether Braddock had any knowledge of the agreement to pay interest when he purchased of Wilbur, Mrs. Womble

testified she had said to Braddock that it would not be best for Womble to reduce the amount due in order to get all cash, for they were getting a good interest. This was the same day of and prior to the sale by Wilbur to Braddock. It is claimed that because Braddock knew Womble had conveyed to Wilbur he was bound to take notice of the terms, and *Galland* v. *Jackson,* 26 Cal. 88, [85 Am. Dec. 172]; *Kelly* v. *Wilson,* 33 Cal. 690, *Security Loan etc. Co.* v. *Willamette Steam M. Co.,* 99 Cal. 636, [34 Pac. 321], *Moss* v. *Atkinson,* 44 Cal. 3, are cited in support of that contention. In the first case, 26 Cal. 88, [85 Am. Dec. 172], the grantee knew that his grantor had previously made a deed of some kind to another person for the same property, which prior conveyance was not recorded. The court held: "This being so, they cannot justly claim that they stand protected by the statute, because their case does not come within its letter nor its spirit." That case has no application. Here the second grantee was taking from the first grantee, and the terms by which the deed of the grantor was to be delivered to the first grantee was supposed to be placed with the bank, and when Braddock had read these terms he would be excused from making further inquiry. The next case, 33 Cal. 690, has no application to the case at bar. In 44 Cal. 3, the court held that possession of land under an unrecorded agreement with the owner to purchase the same, is notice sufficient to put others on inquiry, and if they buy of the *owner,* the contract may be enforced, as against such purchaser, in equity. In the case at bar Braddock bought of the grantee of the original owner and found a statement in writing signed by the grantee on file with the deed in escrow, purporting to state the terms of the escrow conveyance. For the same reason it seems to us 99 Cal. 636, [34 Pac. 321], furnishes no rule applicable to the case at bar. If Braddock was bound to look beyond the recital in the Womble deed, he did so, and the escrow agreement, which purported to contain the terms of the sale, that is, of consideration and payments, was all he need look to. Womble, the grantor, was found in possession, but that possession would be satisfactorily accounted for by the terms of the escrow. The sale to Wilbur was not complete until all payments of purchase price had been made, and that of itself would account for Womble remaining in possession. The

court found that at the time (September 7, 1901) when Wilbur assigned to Braddock, that Braddock had no knowledge of any contract or agreement between Womble and Wilbur other than what was expressed in the written instrument deposited with the Stockton Savings Bank, May 24, 1900, and the deed deposited at the same time. This finding is warranted by the testimony. The evidence shows conclusively that Braddock paid all the said installments falling due after September, 1901, except the last one, and this he made a tender of, and when refused, deposited it in the Stockton Savings Bank to the credit of the Wombles. When Wilbur assigned to Braddock he made and executed a deed to him of all his interest in the property in controversy, and deposited the same with the Stockton Savings Bank to be delivered to Braddock when he had completed the payments as provided in the Womble escrow. As conclusions of law the court found that Braddock was entitled to the immediate delivery to him of said deeds, and this is amply supported by the evidence.

At the close of the testimony in this case, the plaintiff moved the court for judgment on the pleadings which the court denied, and this is assigned as error, on the ground that the complaint alleges that "the defendants willfully neglected and refused to pay the plaintiffs the sum of $1,200 and $750 interest due in July, 1902, and July, 1903," and that such willful refusal was for more than sixty days after due notice of such delinquency and demand for payment, and that the right to purchase was thereby forfeited, and that none of these allegations were denied in the answer of Wilbur and Braddock. But the answer of Wilbur denies in these words that he "has willfully or otherwise failed or refused to fulfill or perform the covenants or conditions on his part to be fulfilled or performed, as in said agreement provided, or otherwise; on the contrary, said defendant alleges that he has at all times kept, fulfilled and performed all of the terms and conditions of the said agreement, and the whole thereof." The defendant Braddock, alleging that he has no knowledge or belief sufficient to enable him to answer such allegation, "and placing his denial on that ground, denies that the said I. R. Wilbur has willfully, or otherwise, or at all, failed or refused to perform the covenants or conditions or any or

either thereof, on his part to be fulfilled or performed by him, as in said agreement (so in said amended complaint recited) provided." We think this effectually disposes of plaintiff's motion for judgment on the pleadings. The allegation of the complaint that defendants willfully neglected and refused to pay the interest is denied by both Wilbur and Braddock, as well as the bank. Defendant Wilbur was asked by the plaintiff if at any time he paid any portion of the interest that was due under the first contract. Defendants objected. The objection was sustained as to Braddock and the Stockton Savings Bank and overruled as to Wilbur. The question was not answered, but further along in his testimony the witness answered that he never paid any interest whatever. There was no error in the ruling of the court. Objection was made by defendants to the admission in evidence of a letter from Wilbur to Womble, dated September 10, 1902, referring to a letter of Womble's to Wilbur dated September 8th, and also a letter from Wilbur to Womble dated April 2, 1903, both letters having reference to the question of the interest not being paid. The objection was sustained as to Braddock and the Savings Bank, but overruled as to Wilbur, and the letters were introduced. As the bank was not authorized to collect interest and Braddock was not obliged to pay interest, these letters were not material to them. Wilbur was asked to state the contents of the letter of September 8th from Womble to himself, and to which this letter of September 10, 1902, was an answer. The defendant Braddock objected upon the ground that no demand had been made upon Wilbur to produce the letter. The objection was sustained. Before the contents of a writing can be given in evidence, orally, a demand must be made upon the one having it in his possession and a refusal to deliver it up be shown. Plaintiff asked the witness Wilbur if he ever gave Braddock a duplicate of the agreement of May 24, 1900. The court sustained an objection to the question on the ground that it must be limited to a time prior to September 7, 1901. The ruling was correct. On cross-examination the deed of Wilbur to Braddock was offered in evidence, to which the plaintiff objected. This was a deed for the same property as the Womble deed. The deed was proper evidence, showing that Braddock had and claimed some interest in the property mentioned in the

Womble deed, following the allegation of plaintiffs' complaint that Braddock claimed some interest. On redirect examination by plaintiff of the witness Wilbur he was asked if at the house of J. U. Castle, in the presence of J. U. Castle (fixing the time), he did not tell Willis R. Womble that the time he assigned his interest to Braddock he gave Braddock a duplicate of the agreement of May 24, 1900, and that he told Braddock so in the presence of J. C. Campbell. Objection was sustained on the ground that it was cross-examination of plaintiff's own witness. The objection was properly sustained. The question was asked as an impeaching question, and the witness was plaintiffs' witness. There was no other suggestion made but that it was an impeaching question. But, now, plaintiffs in their brief, argue that the question called for the declaration or admission of a party to the action, and that the evidence was therefore admissible under section 1870 of the Code of Civil Procedure. But the act, declaration or omission must be evidence against *the party,* and the fact that Wilbur may have said to Womble that he gave Braddock a duplicate of the agreement of May 24th, at the time he assigned to Braddock would not bind Braddock to pay the interest or bind him in any way and was therefore immaterial. The witness Braddock (a defendant) had been asked by plaintiff on his direct examination what payments he had made on the first agreement or otherwise, and the witness had answered. On cross-examination he was permitted, against the objection of plaintiffs, to testify that he had never signed a contract that called for interest; that he made his payments under the letter of instructions to the bank; that he had not seen an agreement nor was his attention called to any agreement providing for the payment of interest prior to or at the time he and Wilbur entered into their contract; that he tendered Mr. Carpenter, the attorney of plaintiffs, the payment of $5,625.00; that he tendered it also to the bank, but the bank would not accept it on what Carpenter said; what Carpenter said to Mr. Lyons, and that Carpenter asked Lyons to count the money, which Lyons did, and that he said the money was all there; that Carpenter told Lyons to refuse to take the money; that Carpenter told him to accept it for the bank, and it was so accepted; that he then deposited the said $5,625 in the Stockton Savings Bank to

3 Cal. App.—35

the credit of John T. and Adella Womble; that he then and there, January 9th, signed a notification which he then served on said Carpenter, as attorney for plaintiffs; that no demand was ever made upon him for interest; that defendants' exhibits 3 (the agreement in escrow of May 24th) and 4 (a notice to plaintiffs and A. H. Carpenter, their attorney, of payment to the bank of the last payment and a demand for the deed) were then introduced in evidence. The ground of the objection made to all of this testimony was not cross-examination, was immaterial and hearsay, and called for conclusions of the witness. The examination in chief had been as to the payment of the installments, and everything testified to in the 'cross-examination was as to the payments and the matters connected therewith and explanatory thereof, and was legitimate cross-examination. No objection was raised to the introduction of exhibits 3, 4 and 5, because the signatures thereto were not proved, and it is too late to raise such objection for the first time in this court. W. H. Lyons, an officer of the Stockton Savings Bank, was a witness called by plaintiffs. On his direct examination he testified to the deed of Womble to Wilbur, the assignment of Womble to his wife, the written notice served on the bank by Mr. Womble October 7, 1903, and a written demand made on the bank October 29, 1903, for return of deed, all presented to or filed with the bank, and were all papers in connection with the sale of the property to Wilbur. On cross-examination, the witness was asked, ''What other papers have you in your possession as secretary of the Stockton Savings Bank in connection with the sale of this property from Mr. Womble?'' The question was objected to upon the grounds alone that it is ''wholly irrelevant, immaterial and not cross-examination,'' and now for the first time a further objection is made that the question calls for other and different papers and so forth. The question was relevant and material and legitimate cross-examination because it related to papers in the same transaction and to such papers only. And for the very same reason, the objection raised here for the first time, were we at liberty to consider it, would be held to be not well taken. (Code Civ. Proc., sec. 2048.) The plaintiff Adella Womble, who was a witness for plaintiffs, was asked whether she had been to the bank with or without her husband and demanded

the interest. The defendant Braddock objected upon the ground that it is incompetent as to him, and that the terms of a written agreement cannot be thus changed. The objection was sustained. It does not appear that the bank or defendant Braddock had any knowledge of the contract for the payment of interest when Braddock became the assignee of Wilbur, and therefore there was no error in sustaining the objection. Mr. Womble was asked as to what verbal instruction he gave the bank when he deposited the deed in escrow. The court sustained the objection thereto. The instructions to the bank were in writing, and no verbal instructions could have had any weight with the bank. It is true that a contract in escrow, as held in *Cannon* v. *Handley*, 72 Cal. 133, [13 Pac. 316], may be oral, but we think when there appears to be a full, complete and sufficient contract in writing governing the escrow that no oral instructions can avail. If written instructions are given by the principal to his agent, these instructions may be changed by parol. (*Curtiss* v. *Starr & Co.*, 85 Cal. 376, [24 Pac. 806].) But where the written instructions amount to an agreement made by two principals to their joint agent and signed by both, neither can change their instruction by parol without the concurrence of both. This is elementary.

. There are many other assignments of error relating to the admission of evidence, all of which we have examined and find none of the rulings to be prejudicial error, if error at all, and it could serve no good purpose to set them out here.

The findings respond fully to all the material issues of the case, and are supported by the evidence and the judgment rendered was warranted in every particular by the findings.

Finding no prejudicial error in the case we affirm the judgment.

Chipman, P. J., and McLaughlin, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 12, 1906.