[Civ. No. 11833.   First Dist., Div. Two.   May 5, 1942.]

WILLIAM MASON PUTNAM, Appellant, v. PANSY PUTNAM et al., Respondents.

Phil F. Garvey and Julia M. Easley for Appellant.

Elmer P. Delany and George A. Helmer for Respondents.

NOURSE, P. J.—Plaintiff sued in declaratory relief seeking a declaration of his rights and duties under a separation agreement. The defendant Pansy Putnam is the former wife of plaintiff, and the defendant William Mason Putnam, Jr., is the adult son of these parties. Judgment was given for both defendants denying plaintiff any relief.

The appeal presents the simple question whether the code sections providing for this form of relief are to be given a reasonable and sensible interpretation to afford the relief which the equities demand or whether they are to be nullified by the strict rules of legal procedure. The clear purpose of section 1060 of the Code of Civil Procedure is to permit the

court in such proceedings to "make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. . . ." and, under section 1062, these remedies are cumulative "and shall not be construed as restricting any remedy, provisional or otherwise. . . ." We mention this at the outset because our conclusion from the entire record is that the plaintiff was entitled to an interpretation of the contract determining his rights and duties under it, and that if such interpretation took on the nature of a reformation of the contract it was nevertheless within the contemplation of the code section.

Plaintiff and Pansy Putnam entered into a separation agreement in June, 1923, under which the custody of the minor child was given the mother and provisions made for his support. The agreement was approved and incorporated in a subsequent decree of divorce. This child reached the age of majority on September 2, 1939. In 1927 and again in 1928 the superior court modified the final decree by reducing the amount of alimony payable. In 1936 the wife commenced an action in the municipal court to recover the difference and judgment was entered holding that these modifications were void. The plaintiff paid, either voluntarily or by reason of this judgment, all sums called for by the written contract until the son reached his majority.

The portion of the separation agreement which is the subject of the controversy reads: "Said first party hereby agrees that, beginning with the date hereof, he will on the same date of each and every month, pay to said second party the sum of $75 in lawful money of the United States of America, for her care, maintenance and support, and the care, maintenance and support of said minor child, provided that if said second party shall divorce first party, and remarry, said allowance of $75 per month shall cease and terminate upon such remarriage, and thereafter first party shall pay to second party such monthly allowance for the care, maintenance and support of said minor child, as the parties hereto may mutually agree upon, and if they are unable to agree upon any such sum, then first party agrees to pay to second party for such care, maintenance and support of said minor child, such sum as may be fixed by the Superior Court of the City and County of San Francisco, State of California, as a reasonable sum for such purposes. First party hereby further agrees that second party shall be, and she is hereby given the care, cus-

tody and control of said minor child, subject, however, to the right of first party to be with and visit said minor child at all reasonable times and places, and daily, if he so desires.''

Here is a question at issue—when the appellant agreed to pay $75 a month for the support of the wife and *"the care, maintenance and support* of said *minor* child'' did the parties contemplate that these payments should continue after the child had reached his majority? Manifestly they did not so contemplate, any more than they intended that these payments should continue after the death of either the wife or the son.

It would serve no purpose to discuss the question of the power of the court in the divorce proceeding to modify the terms of the separation agreement. That issue does not determine anything here. In suing for declaratory relief the appellant seeks an interpretation of the contract—not a modification of it. A declaration of the rights and obligations under a contract which results in a reformation is but a determination of the intention of the parties and of the legal effect of the contract, not a modification of its terms. By its express terms the alimony payments were to be made jointly for the benefit of the wife and the minor son. When the latter reached his majority all payments for his benefit automatically ceased to be due. What portion of that amount is to be paid to the wife alone is something upon which the contract is silent. It is also silent as to the contingency that the wife might die while the son was still a minor. We cannot assume that a court of equity is unable to reform the contract to meet these contingencies which the contracting parties overlooked.

The appellant made competent proof that since his majority the son was gainfully employed and had an income of $175 a month. An offer of proof was made to show that the respondent wife was in receipt of a monthly income of $200 from her business as a notary public. This offer was rejected, and no evidence was permitted to show what proportion of the contract figures was reasonable to be awarded the wife. The only question which the trial court need determine on a retrial is what did the parties intend by their contract was a reasonable sum for the husband to pay for the support of the wife after the minor son had reached his majority.

The respondents lay great stress upon the judgment of

the municipal court awarding payments upon the basis of the original agreement. They argue that this is *res judicata* of the issues here. The former judgment has no bearing upon the issue of the rights and duties of the appellant after the son has reached his majority. That case was commenced and tried in 1936. The date of majority was September 2, 1939. The trial court correctly held that the former judgment was not *res judicata* of this issue.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing was denied June 4, 1942, and respondents' petition for a hearing by the Supreme Court was denied July 2, 1942. Carter, J., voted for a hearing.