[Civ. No. 22418. Second Dist., Div. Three. Jan. 31, 1958.]

PEARL C. HOPKINS, Respondent, v. GUY B. HOPKINS, Appellant.

*Assigned by Chairman of Judicial Council.

William J. Clark for Appellant.

Courtney A. Teel for Respondent.

PATROSSO, J. pro tem.*—This is the third appeal in this case, the decisions upon the prior appeals being reported in 116 Cal.App.2d 174 [253 P.2d 723] and 46 Cal.2d 313 [294

*Assigned by Chairman of Judicial Council.

P.2d 1]. In her complaint, plaintiff alleges that on October 18, 1926, the parties hereto, being then husband and wife, entered into a written property settlement agreement under and by the terms of which defendant promised and agreed to pay plaintiff the sum of $120 per month for life or until she should remarry, "and $30.00 per month for the support of the three minor children of the parties"; that plaintiff has not remarried. That on May 9, 1927, a decree of divorce was entered in the District Court of the State of Colorado in and for the County of Denver, and the aforesaid agreement was by said court approved and specifically incorporated *in haec verba* in said decree, and that no part of the payments accruing thereunder within five years next preceding the commencement of the action had been paid. By his answer, as amended, defendant, while admitting that a contract in writing was entered into by the parties, denies that thereby "he specifically promised and agreed to pay the plaintiff the sum of $120.00 per month for life, or until plaintiff should have remarried, and/or $30.00 per month for the support of the then three minor children of the parties" and further denied that "there was any segregation or allocation of the said amounts provided for the support of the said children and/or for alimony." Defendant further alleges that "no payments have been made by defendant because of or under" said agreement or decree since September 1, 1943, and that "plaintiff has long since abandoned and waived any right which she might have had under the terms of said decree and judgment and/or written contract or property settlement and/or agreement for support and/or maintenance of said then minor children, all of whom have now reached their majority." As a further defense, defendant alleges "that any right to recover any sum or sums of money whatsoever have been and are fully and completely barred by the laches and waiver of plaintiff and by and because of" subdivision 1 of sections 336 and 337 of the Code of Civil Procedure.

The trial court found that on October 18, 1926, plaintiff and defendant entered into a property settlement agreement, the terms of which were set forth at length in the decree of divorce entered by the Colorado court, a copy of which decree is included in the findings. The provisions of the property settlement agreement insofar as material are the following: "In addition to the personal property above described, second party [husband] agrees to pay unto the first party in lieu of all payments of alimony and support money, and by way

of support and maintenance for the first party and their said minor children, the sum of One Hundred Fifty Dollars ($150.00) per month from and after the first day of November A.D. 1926, payable on the first day of each and every month thereafter.''

''8. If the first party hereto shall at any time remarry, such remarriage on the part of the party of the first part shall relieve second party from the payment of any further alimony to the first party. But such marriage, if any such takes place, shall not relieve the party of the second part from the payment to the first party of such proportionate part of the monthly payments hereinbefore provided for as shall be reasonably necessary for the support, maintenance. and education of their said children as long as said children or any of them remains a minor and in the custody of the first party.''

The trial court then proceeds to find that plaintiff has not remarried and that the children of the parties respectively reached the age of 21 years in December 1939, February 1942 and August 1943; that between December 1931 and March 1939 defendant made no payments for the support of plaintiff or their minor children; that beginning April 3, 1939, to and including August 1, 1940, defendant paid to the plaintiff for the support of the then minor children the sum of $20 per month and that the plaintiff accepted said payments: that beginning September 3, 1940, to and including September 1, 1943, the defendant paid to the plaintiff for the support of their minor children the sum of $10 per month. which payments were likewise accepted by plaintiff, but that no payments have been made by defendant pursuant to said property settlement agreement since September 1, 1943. The court further found that the amount reasonably necessary for the support, maintenance and education of each of the minor children was the sum of $10 per month and the amount of defendant's obligation attributable to plaintiff under said agreement was and is the sum of $120 per month; that it is not true that plaintiff has abandoned and waived any of her rights under said agreement but that any and all payments accruing prior to September 19, 1946, are barred by the provisions of subdivision 1 of section 337 of the Code of Civil Procedure.

Upon the basis of these findings the court concluded that plaintiff was entitled to judgment in the sum of $120 per month from and after October 1, 1946, to and including Sep-

tember 1, 1956, or a total of $14,280 together with interest thereon in the sum of $4,998.70. From the resulting judgment entered thereon defendant appeals.

We have found it necessary to set forth at some length the pleadings and findings for a better understanding of the contentions advanced by appellant which we now proceed to consider.

■ Appellant first contends that there is a failure of proof in that there is a fatal variance between the pleading and proof of the contract sued upon. The argument is that while the complaint alleges that the parties entered into an agreement whereby defendant agreed to pay plaintiff the sum of $120 per month for life or until she remarried and $30 per month for the support of the parties' three minor children, the contract as proved and found by the court was one whereby defendant agreed to pay plaintiff the sum of $150 for the support and maintenance of the plaintiff and their three minor children. There are several answers to this contention.

Section 469 of the Code of Civil Procedure provides: "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that a party has been so misled, the court may order the pleading to be amended upon such terms as may be just."

Here defendant could not have been misled to his prejudice in the defense of the action by reason of the construction placed by the plaintiff in her complaint upon the contract sued upon for his answer discloses that he was fully aware of the contract upon which plaintiff relied. Moreover upon the two previous trials of this action the controversy revolved about the proper construction of the agreement and decree which were before the court in each instance, and hence defendant could not have been in doubt as to the agreement upon which plaintiff predicated her action. ■ However were it otherwise defendant waived any objection he may have had in this regard by reason of his failure to object when the copy of the agreement was offered in evidence or to otherwise raise the question upon the trial. (*Colbert* v. *Colbert* (1946), 28 Cal.2d 276, 281 [169 P.2d 633], *Fish* v. *Security-First Nat. Bank* (1948), 31 Cal.2d 378, 388 [189 P.2d 10].) If proper objection had then been made we have no doubt the trial court would have permitted the plaintiff to

amend her complaint to correct the defect as authorized by section 469.

■ Appellant next contends that the evidence does not support the trial court's finding to the effect that the amount reasonably necessary for the support, maintenance and education of each minor child of the parties was the sum of $10 per month and the amount of defendant's obligation attributable to the plaintiff under said agreement was and is the sum of $120 per month.

Preliminary to a consideration of this contention it is necessary to have in mind the precise issue which the Supreme Court on the prior appeal in this case (46 Cal.2d 313, 316 [294 P.2d 1]) directed to be tried upon the remand of the cause to the court below. The Supreme Court there said: (p. 316) "Plaintiff's contractual right to receive her proportionate share of the $150 monthly payment under the Colorado decree is not subject to modification by this or any other court (*Zlaten* v. *Zlaten*, 117 Colo. 296, 298-299 [186 P.2d 583] ; *Hall* v. *Hall*, 105 Colo. 227, 235-239 [97 P.2d 415] ; *cf. Dexter* v. *Dexter*, 42 Cal.2d 36, 40 [265 P.2d 873]), and the crucial question presented to the trial court in the present case was to resolve the ambiguity latent in the property settlement agreement by determining the proportion of defendant's obligation attributable to plaintiff. (See *Meek* v. *Meek*, 51 Cal. App.2d 492, 495 [125 P.2d 117] ; *Putnam* v. *Putnam*, 51 Cal. App.2d 696, 699 [125 P.2d 525].) This proportion is indicated in part by the provisions of the property settlement agreement itself for it is provided therein that in the event plaintiff should remarry, defendant's obligation should be limited to the proportionate part of the monthly payment that is 'reasonably necessary for the support, maintenance, and education of their said children as long as said children or any of them remains a minor. . . .' *The meaning of this provision may be ascertained by looking to the subsequent acts and declarations of the parties (Barham* v. *Barham*, 33 Cal.2d 416, 423 [202 P.2d 289], and cases cited), of which there was evidence presented in the trial of the present case. The trial court should have made a finding on the basis of that evidence and entered judgment accordingly."* (Emphasis added.)

From the foregoing it is clear that the question before the trial court was not, as appellant's argument, in the main, assumes, what amount was reasonably required to support

the three children here involved during the period of their minority but rather its task was to resolve the ambiguity latent in the agreement by ascertaining, in the light of the subsequent acts and declarations of the parties, their intent and understanding as to the proportion of the sum of $150 that appellant agreed to pay for the support of his wife and children which was attributable to each.

The evidence relevant to this issue adduced upon the present trial, in the main, is substantially the same as that presented upon the previous trials, and is to the effect, as recited in the trial court's finding, that the most that defendant ever paid for the support of his minor children after December 1931, was $20 per month—this for the period from April 3, 1939, to August 1, 1940, during a portion of which time all three children were minors and during all of which time the two youngest children were minors, and from the latter date to September 1943, when the youngest of the children attained the age of 21, defendant paid only $10 per month for such support. Additionally it appears that in January 1939, and prior thereto respondent, having received nothing from the appellant for the support of the children since December 1931, sought the aid of the district attorney of San Diego as well as the district attorney of Los Angeles to compel appellant to fulfill his obligation in this respect, following which appellant commenced making payments of $20 per month, which, as previously stated, continued until August 1, 1940, when the payments were reduced to $10 per month until October 1, 1943, at which time appellant addressed a letter to respondent wherein he advised her that he was discontinuing all further payments.

In the light of the foregoing it does not appear surprising that the trial court accepted appellant's own estimate of the amount reasonably required for the support of his children as being the amount which he in fact paid for this purpose over a period of years, and we are concluded thereby. ■ "[W]henever uncertainty arises concerning the provisions of an agreement the court will always inquire as to how the parties themselves understood the language and when they have acted upon that understanding, the finding of the court that it should be construed as acted upon will not be disturbed by an appellate tribunal." (*Thew* v. *Thew* (1939), 35 Cal.App.2d 691, 695 [96 P.2d 826].)

■ Appellant argues that the amount of payments made by him for the support of his children should not be considered

as evidence of his understanding and intent that such amounts represented what was reasonably required for their support and maintenance because, as he claims, such payments were not made under or by virtue of the terms of the agreement but as the result of the pressure exerted upon him by the appellant through the intervention of the Failure to Provide Department of the district attorney's office. We are unable to appreciate the force of this argument. Whether the payments which he made for the support of his children, were made willingly or through fear of criminal prosecution or interference with his employment, as he now claims, he was under a legal duty to support his children, and what he did in this regard is some evidence of what he conceived to be reasonably necessary for this purpose. Moreover if, as appellant now claims, the $10 per month which he paid was not sufficient to adequately support each child, the necessary effect of his failure to pay more operated to cast upon respondent the burden over the years of providing the additional amount reasonably required for this purpose. Having thus in effect confessed that he shirked the full measure of his obligation under his agreement with her, it would be manifestly unfair to permit him to now say that he should have paid more than he did, and hence is entitled to credit against the sum of $150 per month which he promised to pay for the support of his wife and children, a greater amount which he now asserts he should have paid thereunder rather than the amount actually paid.

Appellant also complains of certain rulings of the trial court. The first relates to the sustaining of objections to the introduction into evidence of photostatic copies of copies of two letters purporting to be addressed by the appellant to the respondent. The court's rulings were correct. Being secondary evidence they were inadmissible in the absence of a prior demand upon the respondent to produce the originals and no such foundation was laid. (Code Civ. Proc., §§ 1855. subd. 2, 1938; *Womble* v. *Wilbur* (1906 . 3 Cal.App. 535. 544 [86 P. 916]; *Brownlee* v. *Reiner* (1905). 147 Cal. 641, 647 [82 P. 324].)

The second relates to sustaining of an objection to appellant's offer to prove by an attorney having an extensive practice in divorce cases, that in the opinion of the witness the proper proportion of an award of $150 made for the support of a wife and three minor children of the ages of those herein involved attributable to the children was $75 per

month. The ruling was clearly proper, for, as previously indicated, the issue before the court was what the parties intended and understood by their agreement to be a reasonable sum for this purpose, and this was not the subject of expert testimony.

Appellant further asserts that plaintiff's action is barred by laches. Assuming without deciding that laches was properly pleaded by defendant's answer, this was an action at law in which such a plea does not lie. (*Hopkins* v. *Hopkins*, 116 Cal.App.2d 174, 177 [253 P.2d 723]; *Bagdasarian* v. *Gragnon* (1948), 31 Cal.2d 744, 752 [192 P.2d 935].)

Moreover even in equitable proceedings where the plea of laches is available mere delay in the commencement thereof without a showing of inequitable conduct or prejudice suffered thereby is not sufficient to bar the action (*Brownrigg* v. *deFrees* (1925), 196 Cal. 534, 538 [238 P. 714]), and here there is proof of neither.

Equally without merit is appellant's claim that plaintiff abandoned the contract sued upon and hence is precluded from maintaining an action thereon. The sole basis for this assertion is that plaintiff delayed instituting the present action for some eight years after defendant ceased making any payments under the contract. Plaintiff however was not compelled to treat defendant's failure to perform as a repudiation of the contract by him, nor did her delay in instituting suit thereon imply an acceptance by her of such repudiation. "There is certainly no rule of law that treats a failure to demand and collect as an abandonment of the claim, or that denies the claimant's right to collect in any period short of that fixed by the statute of limitations." (*Westchester Fire Ins. Co.* v. *Struck* (1916), 200 Ill.App. 501, 505.)

Appellant urges the additional contention that, inasmuch as the contract sued upon provided that appellant was to pay to respondent the sum of $5,000 in two installments of $2,000 and $3,000 respectively, which sum was to be used by respondent for the purchase of a residence in the city of San Diego, and respondent neither pleaded nor proved that said sum was so used, she is precluded from maintaining her action. No such objection was made in the trial court and it is advanced for the first time upon this appeal. Assuming without conceding that the use of said payments for the purpose stated was a condition precedent to respondent's right to receive the support payments of $150 per month as provided in the agreement, the objection now made comes too

late when advanced for the first time after three trials and two previous appeals. "It is a general rule of appellate review, early established and long adhered to, that questions not raised in the trial court will not be considered on appeal" unless fundamental error is involved (3 Cal.Jur.2d, p. 604, § 140), and the rule has found specific application in situations where, as here, it is urged for the first time on appeal that plaintiff has failed to plead and prove performance of conditions precedent. (*Wilfong* v. *Ontario Land Co.*, (C.C.A. 9th) 171 F. 51, 54 [96 C.C.A. 293] ; 4 C.J.S. p. 817.) Moreover there is no proof that appellant made the payments in question or if so that they were not in fact so used by respondent. Upon the oral argument counsel for respondent stated that the payments in question had in fact been so used and requested leave to produce evidence to this effect. In view of our conclusion that appellant is not entitled to urge this contention, no purpose would be served by granting such request.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.