## VAN ALMSICK v VAN ALMSICK

Ohio Appeals, 2nd Dist, Franklin Co

No 3210. Decided Nov 17, 1941

Frank H. Ward, Columbus, for plaintiff-appellee.

Isadore Margulis, Columbus, for defendant-appellant.

### OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas, Division of Domestic Relations, Franklin County, Ohio, in favor of plaintiff and against the defendant in the sum of one thousand, two hundred ninety-one and 19/100 dollars. ($1291.19).

The error assigned is that the court improperly entered the judgment for two reasons. First, that the proper procedure was not followed, and second, because the plaintiff did not appear and testify to substantiate the amount due her, which was carried into the judgment.

The material facts appearing are that the plaintiff, on June 5, 1931, was grant-

ed a decree of divorce from the defendant on the grounds of gross neglect of duty. Plaintiff was given custody of the two minor children of the parties, aged 16 months and 3 years respectively, and defendant was ordered to pay "the sum of twelve and 50/100 dollars ($12.50), per week * * * until the further order of the court, to the juvenile section of this court, for the benefit of the plaintiff."

Citations in contempt were thereafter issued against defendant, one of which was dismissed after he had made satisfactory adjustment with the plaintiff, and after the filing of the second charge defendant moved the court to reduce "his alimony to $8.00 per week", which motion was later sustained and the defendant ordered to make "'payments of alimony to the Cashier's desk of the Juvenile Branch of the Court of Domestic Relations in the Court House of Franklin County, Ohio, as specified in the original decree, with the additional order that the payments shall be made on Mondays of each and every week, beginning Monday, February 4, 1935, and on each and every Monday thereafter until further order of the court."

On December 3, 1939, plaintiff filed the following motion in the original divorce case, and under the same number. Plaintiff moved the court,—

"for an order reducing the former orders of this court dated June 5, 1931 and June 4, 1935, for support money for the minor children of the parties, to judgment in favor of plaintiff against the defendant, Frederick H. Van Almsick, in the sum of $1440.01, the amount of arrearage under said orders as of October 2, 1939."

The defendant was notified of the time and place of the hearing on the motion and a precipe issued for summons, with copy of motion, notice and affidavit, for the plaintiff. "directed to the Sheriff of Franklin County, Ohio, for service on defendant", at his named address, "Endorse on summons, 'Motion, notice, affidavit' ".

The matter came on for hearing on the motion. Plaintiff appeared by counsel and defendant appeared in person and by counsel, testimony was taken, and made the subject of a bill of exceptions, which is before us. Plaintiff did not testify. The trial judge took the testimony of the clerk of his court who introduced the full account of the plaintiff with the defendant under the orders of the court, the total amount due thereunder and the payments thereon and from this account determined the amount of arrearage of defendant which sum was carried into finding and judgment.

Defendant took the stand, admitted that he owed the plaintiff under the former orders of the court "Around $950.00, close to $1000.00, I would say". There was no claim that defendant had paid any sum into court, per the court orders, other than that credited to him but he stated, that on occasions when he would take his children out for visitation he would give his son, 6 or 7 years of age, five or ten dollars every once in a while to hand to his mother. He had no corroborative evidence as to any of these payments and there was no showing whatever that plaintiff had received any of them if they were made. It may be said without further comment, that the court was well within its province in accepting the account according to its own records and disregarding the uncertain testimony of the defendant as to payments made by him.

The orders of the court were that the payments to be made by the defendant for the benefit of the plaintiff, or the minor children, as the fact may be, were to be paid by him to the Common Pleas Court, Division of Domestic Relations, and it follows that the accounting thus made, would, at least, be prima facie evidence of the balance due under the court orders.

The court entered judgment which was carried into entry, the substantive part of which is as follows:

"It appearing from the records of the Clerk of this court that said defendant was in arrears in the sum of $1291.19 as of October 2, 1939, under said orders, it is hereby ordered, adjudged and decreed that the arrearage under the said former orders of this court be reduced to judgment in favor of the said Gertrude S. Van Almsick in the sum of $1291.19 and against said Frederick H. Van Almsick."

We come then to consider the major and determinative question in this case, whether or not the trial judge was authorized to enter the judgment against the defendant as to which the appeal is prosecuted.

Appellant cites one case, **Meister v Day, 20 Oh Ap 224,** a decision of the Court of Appeals of Lucas County. This decision is entitled to much weight because it was pronounced by a strong court, as especially is the opinion, which was written by a Judge who is now a member of our own Supreme Court.

The four propositions of the syllabi of this case read:

(1) An order for alimony, not for a fixed sum, but payable in installments, over which the court expressly or impliedly reserves the right of modification, will not, without modification, support an action for money judgment.

(2) The remedy is to seek a modification of the order for alimony by reducing it to an order for payment in a lump sum.

(3) The jurisdiction of the court which entered the order for alimony may be invoked for modification, either by motion filed in the same cause or in a proper case, by petition for that purpose filed in a separate action in the same court.

(4) When reduced to an order for the payment of a lump sum, the order for the payment of alimony may be sued in the same manner as a judgment for money only.

In the cited case, the plaintiff instituted her action for judgment by petition, wherein she recites that in a numbered action on the docket of "this court", she was decreed a divorce from the defendant, given custody and control of a minor child of the parties and that by consideration of the court she obtained a judgment and decree against the defendant in the sum of $5.00 per week to be paid weekly by defendant to her, as alimony, and until the further order of this court in said action and that no further or other decree or judgment has been entered in said action in any way changing or affecting said judgment * * *. Plaintiff recites the amount due and unpaid under the alimony order and prays for judgment in that amount. To the petition a general demurrer was interposed and sustained and plaintiff's petition dismissed. Appeal was prosecuted. Early in the opinion it is stated:

"It is settled law in Ohio, and by the great weight of authority throughout the United States, that an order for alimony, not for a fixed sum, but payable in installments, over which the court reserves the right of modification, will not support an action to recover a money judgment in another state, as the same is not a final judgment."

Citing **Gilbert v Gilbert, 83 Oh St 265, 19 C. J. 298, 1 R. C. L., 957; Woodward v Woodward, 16 Oh Ap 12.**

An examination of Gilbert v Gilbert is convincing that the judgment there was predicated upon an estoppel asserted against the defendant, the wife, to urge the alimony decree in Ohio as a basis for her relief, inasmuch as she had elected to appear and defend a divorce action against her in South Dakota and to invoke the decree of that court upon the question of the amount of the alimony that should be awarded to her. In the Gilbert case the court cites Lynde v Lynde, 162 N. Y. 405, in support of the proposition, that an order for alimony payable in installments, made in a divorce action in one state, subject under the laws of that state to modification, will not support an action as on a judgment in

another state, as the same is not a final judgment for a fixed sum. The United States Supreme Court had the Lynde case under consideration in Sistare v Sistare, 218 U. S. 1, 28 L. R. A. (N.S.) 1068, and very definitely limited its adjudication to the narrow facts presented and upon this question said,

"We think the conclusion is inevitable that the Lynde case can not be held to have overruled the Barber case, and therefore that the two cases must be interpreted in harmony, one with the other, * * *."

and then determines, that as to installments of alimony which have accrued the court has not the power to modify them. See also Myers v Myers, (Utah) 30 A. L. R. 74.

Plaintiff cites a number of Ohio cases which make distinction between alimony and support orders and from these adjudications it is urged that the rule respecting the right to judgment on these respective orders is different. We do not follow counsel in this reasoning because to all intents and purposes orders for future alimony and support money payments in installments are in the same category and, unless otherwise provided··in the judgment entries, are both subject to modification by the court which made the orders for good cause shown.

"The jurisdiction exercised in divorce cases with respect to children, is continuing, and the power to modify the order in that respect may be exercised, during the minority of the children, whenever their welfare requires such modification."

Rogers v Rogers, 51 Oh St 1; Neil v Neil, 38 Oh St 538; Hoffman v Hoffman, 15 Oh St 427.

It is difficult in this case to determine that the order under consideration was for support money for the minor children, though counsel seem to agree that it is such an order. A careful reading of the orders will readily disclose this uncertainty.

It should be noted that in **Meister v Day,** supra, although the action for judgment was instituted in the same court, it was by petition, in a separate action independent of the divorce case wherein the alimony order was made. In the instant case the proceeding was by motion filed in the divorce action wherein the order sought to be reduced to judgment was made. The proceeding by which plaintiff sought to secure a judgment by motion was irregular, to say the least, but no objection was interposed thereto.

The court which rendered the judgment in this case had jurisdiction not only to enter the judgment but to make determination whether or not there should be any modification of the alimony or support order. The defendant appeared and was put upon notice that the plaintiff sought a determination that she was entitled to judgment for the amount then appearing to be payable under the former court order. No attempt was made to have the court reduce the installment payments and no objection was interposed to the amount thereof, as theretofore fixed, and no claim made of changed conditions. All of these matters were before the Judge, who must have found that there should be no reduction in the amount then due by the former order of the court and by carrying this sum into judgment, in effect, adjudged that this sum was then payable and that it was not subject to modification. The plaintiff, of course, did not desire modification. She merely wanted the court to fix the amount then due under the former orders of the court, as the sum which would be carried into a judgment. Nor did the defendant desire a modification of the former orders. In this situation we are constrained to hold that it is too nice a discrimination to require that the alimony order first be changed in terms before the effect of the finding of the court can be carried into judgment. The plaintiff should not be denied the benefit of the continuing order for the payment of the weekly installments of alimony or support money which

should and will continue to accrue until there has been some order to the contrary.

We recognize the general rule under the full faith and credit clause of the Federal Constitution, Art. I, Par. 4, that courts of other states will not recognize a decree for alimony unless it possesses the elements of definiteness and finality and that, if it be subject to modification and not final as to installments accrued, it will not support an action elsewhere than rendered. 3 Freeman on Judgments, page 2980, Par. 1447.

In Sistare v Sistare, supra, the court had under consideration the effect in Connecticut of a decree of a court of the state of New York, providing for the future payment of alimony in installments, wherein it was held that the court of New York had not the authority to annul or modify overdue and unsatisfied installments, so as to deprive such decree of the protection, as to past due and unpaid installments, of the full faith and credit clause of the Federal Constitution and in the opinion at pages 1076, 77, (L. R. A. N. S.) said,

"In considering the meaning of these provisions, (Code of Civil Procedure of New York) it must be borne in mind that the settled rule in New York is that the courts of that state have only the jurisdiction over the subject of divorce, separation and alimony conferred by statute, and that the authority to modify or amend a judgment awarding divorce and alimony must be found in the statute or it does not exist."

Citing a number of New York cases. The pertinent section of the Civil Code of New York granting authority to its courts to modify or vary a decree for alimony provides:

"The court may, by order, upon the application of either party to the action, after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, vary or modify such directions. * * * "

In Ohio the jurisdiction and authority of the courts in divorce, alimony and support orders for minor children is statutory. As to alimony, §11991 GC, provides that when awarded to the wife alimony may be allowed in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments as the court deems equitable. As to support for minor children, Sec. 11987 provides:

"* * * The court shall make such order for the disposition, care and maintenance of the children, if any, as is just."

These are the only statutes in Ohio defining the authority of the trial court to modify support and alimony orders in divorce cases wherein the decree was granted to the wife. In no one of the three cases heretofore cited, Rogers v Rogers, supra, Neil v Neil, supra, Hoffman v Hoffman, supra, did the question arise of the right of the court to modify the amount of installments then due under former orders of the courts. So that, except for the general pronouncements, which might imply that the court had such authority, there is no decision of our court of last resort upon the subject.

Upon the subject Justice White said in Sistare v Sistare, page 1077, after quoting the New York statute:

"But it is equally certain that nothing in this language expressly gives power to revoke or modify an installment of alimony which had accrued prior to the making of an application to vary or modify, and every reasonable implication must be resorted to against the existence of such power, in the absence of clear language manifesting an intention to confer it. The implication, however, which arises from the failure to expressly confer authority to retroactively modify an allowance of alimony is fortified by the provisions which are expressed. Thus, the methods of enforcing payment of the future alimony awarded, provided by the stat-

ute, all contemplate the collection and paying over as a matter of right of the installments as they accrue, as long as the judgment remains unmodified, or, at least, until application has been made or permission to make one in pursuance to the statute has been accorded."

Without quoting the New York statute, suffice to say, we believe it to be as broad in empowering authority to modify orders as to alimony payable in installments as the Ohio statute.

The whole matter is completely and exhaustively discussed in Levine v Levine (Ore.) 187 Pac. 609. It is said at page 611 of the opinion,

"Precedents involving attempts to enforce in one state decrees for alimony rendered in another state may be divided into three classes: (1) Those dealing with awards payable presently, and this class includes, not only those cases where a gross sum is made payable contemporaneously with the rendition of the divorce decree, but also those where installments have accrued on a decree providing for the future payment of alimony in installments, and upon the petition of either party there is a finding that the arrears amount to a specified sum and an adjudication that such specified sum is payable presently; (2) Those treating of accrued installments which have not been merged into a readjudication; and (3) Those relating to installments which have not yet become due."

The court had under consideration the effectiveness in Oregon of a Minnesota decree for support money for care and maintenance of a minor child payable in installments, which installments to the amount of $1300.00 were past due at the time of the action instituted in Oregon. The court found that, under the opinions of the Supreme Court of Minnesota the court granting a decree for divorce and alimony has the power subsequently to modify the original decree, even as to accrued installments, but points out that the power of modification is not arbitrary and unrestricted, but as a rule is exercisable "only when conditions have changed from what they were at the time the decree was entered, and the change is such as to justify and require a modification; * * *." This interpretation of the law of Minnesota fairly states the common understanding of the law of Ohio on the subject of the power of our courts to modify orders as to future alimony or support money installments.

We have discussed the effect of decrees for alimony and support money payable in installments in the light of the full faith and credit clause of the Federal Constitution largely because of the view which the court took of the matter in Meister v Day, supra, and it was there concluded that,

"If such an alimony order", (the one under consideration in the case), "without modification can be sued over in Ohio, then under the Federal Constitution it can be so sued in any other state of the United States. This process of reasoning leads to reductio ad absurdum. As such an action for money judgment can not be maintained in another state, it follows that one can not be maintained in this state."

Our view of the question presented in this case is, that if it be required as a prerequisite to the validity of the judgment that there be a determination that there is a fixed sum presently due and payable under the alimony or support order and that it be modified accordingly, which requirement is open to doubt, the action of the court in this case under all the facts and circumstances was tantamount to such an order. A full consideration of the decrees, orders and judgment made in the divorce case would compel the conclusion that the entering of the judgment was an observance of all the prerequisites to the modification of the alimony or support order.

Judgment affirmed.

GEIGER, PJ. and BARNES, J., concur.