BOEHLER, Respondent, vs. BOEHLER, Appellant.

*September 14—October 3, 1905.*

*Divorce: Alimony: Support of adult children: Statutes: Construction: Judgments: Modification: Jurisdiction: Extrajudicial orders: Lien of judgment: Discharge.*

1. An action for divorce is a statutory proceeding. The limit of judicial authority therein does not extend beyond that specified ·in the written law.
2. No authority is conferred by sec. 2362, Stats. 1898 (declaring that the court may, upon entering a decree of divorce, in case of there being minor children, provide for their care, custody,

maintenance, and education, and in its discretion award such custody to either of the parties), to provide in a divorce judgment or any proceeding in a divorce action for the support of adult children of the parties.

3. The plain meaning of sec. 2362, Stats. 1898, as to children, is that provision for their maintenance shall be limited to the period of their minority. Words to that effect are a part of the statute by necessary implication.

4. Under a judgment in a divorce action awarding to the wife the custody and care of the minor children of the parties and directing the husband to pay her a stated sum, annually, so long as she has the care and custody of the children, the custody of the children awarded the wife does not extend beyond their minority, and a modification of such judgment, requiring the husband to pay the wife a certain sum for the support of a child who has attained its majority, is worse than mere error: it is extrajudicial and a nullity.

5. In such case, proceedings on behalf of the husband to obtain a modification of the divorce judgment by inserting therein a clause limiting the obligation for the maintenance of his children to their minority is unnecessary.

6. In such case, if for any reason the husband is legally bound to contribute to the support of his adult child, the obligation rests upon the conditions satisfying the statutes as to support of the poor, and the remedy to enforce it is the one specially prescribed by the statute in such cases.

7. Where a judgment in a divorce action awards the wife the custody of the children, requires the husband to pay the wife certain moneys for their support, etc., and makes such payments a lien on specific real estate, evidence *aliunde* the record is necessary to show when the children have become adults and that the lien created has been fully discharged by payment for the full period of their minority; and hence it is proper for the husband to apply to the court for a formal order adjudging such satisfaction and discharging the judgment in that regard.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

Appeal from the circuit court for Milwaukee county from an order in a proceeding in the action of *Emma Boehler,* plaintiff, v. *Henry Boehler,* defendant. June 5, 1886, such proceedings were duly had in such action that judgment of divorce was rendered for the plaintiff and she was awarded

till the further order of the court the care and custody of the minor children of the parties, *Adelia Boehler,* then five, and Richard Boehler, then about three years of age; and was also awarded for their maintenance, so long as she had such care and custody, the sum of $100 annually, to be paid by defendant in instalments, payment being secured by a lien upon his real estate. This proceeding was commenced by petition dated July 28, 1904,—setting forth, among other things, that the judgment aforesaid had been fully complied with up to that time as to the payment of $100 for the care of the children mentioned,—for an order modifying the judgment so that no further payment could be required and so his real estate would be relieved from any further lien in that regard. Issues were made up between the parties which were in due form tried before a referee, resulting in a report to the effect that the daughter, *Adelia Boehler,* was twenty-four years of age and unable to wholly support herself, that the defendant was able to provide for her support, and that she was equitably entitled to have the judgment in the divorce action modified so as to require him to pay her till the further order of the court $60, annually, and have such payment secured by a lien upon his real estate. The court modified such report by reducing the amount defendant should pay to $50, and then confirmed it, an order being entered accordingly, in form so modifying the judgment of divorce as to require such payment. The order further required payment by defendant of $25 to plaintiff's attorney as costs.

For the appellant there was a brief by *Scheiber & Orth,* and oral argument by *F. Scheiber.*

*Pierson L. Halsey,* for the respondent. [No brief or argument.]

MARSHALL, J. An action for divorce is a statutory proceeding. The limit of judicial authority therein does not extend beyond that specified in the written law (7 Ency. Pl. &

Pr. 52), which provides that the court may, upon entering a decree of divorce, in case of there being minor children, provide for their care, custody, maintenance, and education, and in its discretion award such custody to either of the parties. Sec. 2362, Stats. 1898. No authority is conferred by statute to provide in a divorce judgment or any proceedings in a divorce action for the support of adult children of the parties. The plain meaning of the statute as to children is that provision for their maintenance shall be limited to the period of minority. Words to that effect are a part of the statute by necessary implication. The custody spoken of is that control of children, belonging as a matter of right to parents, which, of course, does not extend beyond minority. It follows that the modification of the divorce judgment complained of was worse than mere error. It was extrajudicial. It was and is a nullity.

The proceeding on the part of appellant to obtain a modification of the divorce judgment by inserting therein a clause limiting his obligation for the maintenance of his children to their minority, was wholly useless. The judgment needed no such modification. It only provided for such support during the time the mother was given the care and custody of them, which, as before stated, necessarily ended with their minority. It could not be extended beyond that time by the court and there is no room in the language of the judgment to suppose that there was any purpose thereby to extend it.

If, for any reason, appellant be legally bound to contribute for the support of his adult child, *Adelia,* the obligation rests upon conditions satisfying the statute as to the support of the poor, and the remedy to enforce it is the one specially prescribed by the statute for such cases, not by a proceeding in the divorce action.

Since evidence *aliunde* the record was necessary to show the fact that the lien created by the judgment to enforce payment to the plaintiff on account of the maintenance of the

children had been fully discharged by payment for the full period of their minority, as directed, it was proper to apply to the court for a formal order adjudging such satisfaction and discharging the judgment in that regard. Upon the proofs made such an order should have been granted.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to enter an order, upon the request of the defendant, satisfying the judgment as to the requirement therein for payment of money to the plaintiff for the support and maintenance of the children of the parties. Costs in this court are allowed in favor of appellant.