[No. 16465. Department Two. July 29, 1921.]

META MORRIS EVANS, *Appellant*, v. GEORGE WASHINGTON EVANS, *Respondent*.[1]

DIVORCE (105)—CUSTODY AND SUPPORT OF CHILDREN—DURATION AND TERMINATION. Under a decree of divorce providing that defendant pay the "sum of $60 per month from date hereof for the support, maintenance and education" of the children, and for the support and maintenance of the divorced wife, but without segregating the amount payable for maintenance and education of the children from the amount intended for support and maintenance of the wife, there could be no recovery against defendant after the first child became of age, in the absence of any modification of the decree thereafter.

Appeal from a judgment of the superior court for King county, Jurey, J., entered December 2, 1920, upon findings in favor of the defendant, in an action to recover alimony, tried to the court. Affirmed.

*James B. Kinne,* for appellant.

MAIN, J.—The purpose of this action was to recover alimony claimed to be due and unpaid, and the action is based upon a decree of the circuit court of the state of Illinois. The trial resulted in findings of fact, conclusions of law and a judgment denying recovery. The plaintiff appeals.

The parties were divorced on the 21st day of December, 1900, by decree of the circuit court for Cook

[1]Reported in 199 Pac. 764.

county, Illinois. At this time there were two minor children, the custody of whom was awarded to the mother, the appellant here. Covering the matter of alimony and the maintenance and education of the children, the decree contained the following provision:

"That the complainant have and recover from the defendant, George Washington Evans, the sum of $60 per month from the date hereof, and that the defendant pay the said sum of $60 per month from date hereof for the support, maintenance and education of said children, Meta Morris Evans and George Chambliss Evans, and for her own support and maintenance, which monthly sum shall become due and payable on or before the 15th day of the month for which the same is due."

The oldest child attained the age of majority on March 18, 1911. The present action was instituted on April 12, 1911, and at that time it was claimed that there was due and unpaid under the terms of the decree the sum of $2,160. The action did not come on for trial until May 27, 1920. Between the time when the complaint was filed and the date of the trial, a number of supplemental complaints were filed covering the amount which it was claimed was accruing from time to time under the decree. There is some dispute in the evidence as to whether anything was owing and unpaid at the time the action was instituted. The evidence, however, makes it reasonably clear that the respondent, at the time the action was begun, had paid all the sums which had accrued under the divorce decree up to the time that the oldest child became of age. The evidence upon this question is such that it leaves little room for controversy.

The question in the case is whether the appellant had the right to recover under the decree the amount there specified after one of the children, or both, had

reached the age of majority. From the excerpt from the decree above quoted, it appears that the respondent was required to pay $60 per month to the appellant for the "maintenance and education of said children, Meta Morris Evans and George Chambliss Evans, and for her own support and maintenance." The decree does not segregate the amount which was intended for the maintenance and education of the children, or either of them, from the amount which was intended for the support and maintenance of the appellant. Under the language of the decree, if the respondent was delinquent as to any sum which accrued prior to the time when the first child became of age, there can be no question but what a recovery could be had. *Beers v. Beers,* 74 Wash. 458, 133 Pac. 605; *Britton v. Chamberlain,* 234 Ill. 246, 84 N. E. 895; *Rogers v. Rogers,* 46 Ind. App. 506, 89 N. E. 901; *Wells v. Wells,* 209 Mass. 282, 95 N. E. 845; *De Vall v. De Vall,* 57 Ore. 128, 109 Pac. 755, 110 Pac. 705. But the question is, can a recovery be had after one of the children becomes of age, when the decree does not make a segregation. After the first child became of age, the liability of the respondent under the decree for the maintenance and education of that child ceased. Likewise with reference to the second child. 19 C. J. 360.

At the time this action was instituted, there had been no proceedings in the Illinois court for the purpose of modifying the decree and fixing the amount which was intended for the maintenance and education of the children as distinct from the sum which was intended for the support and maintenance of the appellant. It seems plain that, before the appellant could prevail, it was necessary that she allege and prove the sum which she was legally entitled to. In other words, it was necessary that she establish, after the children became

of age, the sum which was intended for her mainte-
nance and support. It is admitted, of course, that this
could only be done by the Illinois court. If the appel-
lant were permitted to prevail in this action, a portion
of the recovery would be for a sum which the respond-
ent was under no legal obligation to pay because of the
fact that the children had attained their majority. As
already pointed out, at the time the first child became
of age there was nothing due and unpaid under the de-
cree.                                                    .

The judgment will be affirmed.

PARKER, C. J., MITCHELL, and BRIDGES, JJ., concur.