## MEISTER *v.* DAY.

*Divorce and alimony—Installment alimony order will not support action for money judgment—Remedy by seeking modification reducing alimony to lump sum—Jurisdiction may be invoked by motion for modification or petition— Order for alimony reduced to lump sum—May be sued upon as judgment for money only.*

1. An order for alimony, not for a fixed sum, but payable in installments, over which the court expressly or impliedly reserves the right of modification, will not, without modification, support an action for a money judgment.
2. The remedy is to seek a modification of the order for alimony by reducing it to an order for the payment of a lump sum.
3. The jurisdiction of the court which entered the order for alimony may be invoked for modification, either by motion filed in the same cause or, in a proper case, by petition for that purpose filed in a separate action in the same court.
4. When reduced to an order for the payment of a lump sum, the order for the payment of alimony may be sued in the same manner as a judgment for money only.

(Decided March 23, 1925.)

ERROR: Court of Appeals for Lucas county.

*Mr. John P. Manton,* for plaintiff in error.
*Mr. Chester A. Meck,* for defendant in error.

WILLIAMS, J.   The parties occupy the same respective positions here as in the court below, and will therefore be referred to as plaintiff and defendant.   The plaintiff filed her action in the

[1] Divorce, 19 C. J. § 688; [2] Id., §§ 617, 688; [3] Id., § 748; [4] Id., § 688.

court of common pleas of Lucas county to recover
a money judgment upon an order for alimony
entered previously in another case in the same
court. Omitting the caption, verification, and
signatures, the petition is as follows:

"Plaintiff says that in an action pending in this
court wherein this plaintiff was plaintiff under
the name of Millie A. Day, and the defendant
herein was defendant, which action was cause No.
80530 on the docket of this court, she was decreed
a divorce from this defendant and given the cus-
tody and control of the minor child of these
parties, on the 23d day of October, 1919; that,
since obtaining said divorce, she has remarried,
and that her name is now Millie A. Meister; that
she has had the custody and control of Kenneth
W. Day, the minor child of the parties hereto, and
has supported and maintained said Kenneth W.
Day since the aforementioned date; and that said
Kenneth W. Day is now of the age of eleven
years.

"Plaintiff further says that on said 23d day of
October, 1919, by the consideration of this court in
the aforesaid action, she obtained a judgment and
decree against the defendant herein for the sum
of $5 per week, to be paid weekly by defendant
herein to her, as alimony, until the further order
of this court in said action, and that no further
or other decree or judgment has been entered on
said action in anyway changing or affecting said
judgment and decree for the payment of said
sum of five dollars per week.

"Plaintiff says that on or about the 27th day
of October, 1921, defendant paid to plaintiff the

sum of $465 in payment of the amount due plaintiff under said judgment and decree to pay $5 per week, which was the amount due under said judgment to the 10th day of October, 1921, and the defendant has not made any other or further payments to plaintiff upon said judgment and decree.

"Plaintiff says there is due her from defendant, under the aforesaid judgment and decree of this court, the sum of $650, which she claims with interest from the 10th day of May, 1924.

"Wherefore plaintiff prays judgment against said defendant Harry M. Day, in said sum of $650, with interest from the 10th day of May, 1924."

Thereupon the defendant filed a general demurrer, which was sustained, and the petition of plaintiff was dismissed, at plaintiff's costs. This proceeding in error is brought to reverse the judgment of the court below, and the question involved is whether or not the petition states a cause of action.

It is settled law in Ohio, and by the great weight of authority throughout the United States, that an order for alimony, not for a fixed sum, but payable in installments, over which the court reserves the right of modification, will not support an action to recover a money judgment in another state, as the same is not a final judgment. *Gilbert* v. *Gilbert,* 83 Ohio St., 265, 94 N. E., 421, 35 L. R. A., (N. S.), 521; 19 Corpus Juris, 298, Section 688; 1 Ruling Case Law, 957; *Woodward* v. *Woodward,* 16 Ohio App., 12.

The judgment sued on was for the payment of $5 per week until the further order of the court. By providing that the weekly payments should run

until the further order of the court, the court making the order impliedly reserved the power in itself to modify the order. In other words, the court might at any time, in the exercise of a sound discretion, order the payments to cease and convert the order into a judgment for a gross sum of money. In that event the plaintiff could sue on the resulting judgment in any court of competent jurisdiction.

There can be no doubt that the jurisdiction of the court which enters the order or judgment for alimony can be invoked for modification, either by motion filed in the same case or, in a proper case, by petition for that purpose in due form filed in a separate action in the same court, but we think that the plaintiff had no right, as of course, to a money judgment for unpaid alimony on such an order whether in a foreign jurisdiction or in a court of like jurisdiction in another county of this state, or in the court in which the original order was made, for, if on such an order the plaintiff had a right to a money judgment in any court of the state of Ohio, under the guaranty of the Constitution of the United States, which provides that full faith and credit shall be given in each state to the judicial proceedings of every other state, an action for a money judgment thereon could be maintained in any other state. In other words, if such an alimony order, without modification, can be so sued over in Ohio, then under the federal Constitution it can be so sued in any other state of the United States. This process of reasoning leads to *reductio ad absurdum*. As such an action for a money judgment

cannot be maintained in another state, it follows that one cannot be maintained in this state.

The petition was in the usual form for a suit upon a judgment. It would not have been logical to overrule the demurrer and treat the petition as one for modification of the order for alimony, for, if the petition below stated a cause of action when filed in the court of common pleas of Lucas county, Ohio, it would have stated a cause of action when filed in the common pleas court of any other county of the state. Obviously an action for modification must be begun in the court where the order was made, and it follows that, if the plaintiff wanted the judgment modified, her petition should state the facts upon which she bases her right for modification, with a prayer for such relief. A petition for modification would constitute an appeal to the discretion of the court, as the determination of the amount of alimony did in the first instance, and in the exercise of a sound discretion the court would have a right to grant or refuse modification. The plaintiff had no absolute right to a judgment for any specific sum. The petition was therefore demurrable.

It appears that the case of *Gilbert* v. *Gilbert* is reported later, in 90 Ohio St., 417, 108 N. E., 1121. We have carefully considered that case through all the various stages of its history, even to examining the printed record filed in the Supreme Court, and we find that the original action brought by the plaintiff was not one for a personal judgment upon an order for alimony payable in installments, but was an action to subject property to the payment of an order for alimony previously

made in the same court.  Furthermore, the original order for alimony made by the Common Pleas Court of Cuyahoga county was for monthly payments of alimony for the life of the wife, and no power to modify it was expressly or impliedly reserved by the court.

The common pleas court, therefore, did not err in sustaining the demurrer to the petition, and the judgment will be affirmed.

*Judgment affirmed.*

RICHARDS and YOUNG, JJ., concur.