**WHITAKER v WHITAKER**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14562. Decided March 18, 1935

Klein & Diehm, Cleveland, for plaintiff in error.

Boyd, Brooks & Wickham, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

As to the objection to the jurisdiction of the court over the person of the defendant, we are of the opinion that the decree rendered in favor of the plaintiff on February 18, 1924, is in the nature of a continuing order. While the decree itself does not contain the phrase "until further order of the court," yet it is clear that part of the Twenty-Five Dollars per week awarded the plaintiff was for the support and maintenance of the child. The court is, of course, the guardian of the child, and by law reserves to itself the power to modify that portion of the award which affects the child either by way of increasing or decreasing the same, if the circumstances justify it.

Since we must read into the original decree of February 18, 1924, the reservation "until further order of the court," we are of the opinion that the parties are still subject to the order of the court and may be called at any time to present themselves whenever the court commands. To the extent that the court has reserved to itself the power to make modifications, the case still remains a pending case. This method of serving notice of the motion on the de-

fendant by mail is, in our opinion, under the circumstances a sufficient service. The plaintiff in seeking by motion to reduce the alimony award to judgment, followed the approved procedure according to the Ohio decisions.

**Meister v Day, 20 Oh Ap 224, (3 Abs 394),** sets forth the proper procedure.

"1. An order for alimony, not for a fixed sum, but payable in installments, over which the court expressly or impliedly reserves the right of modification, will not, without modification, support an action for a money judgment.

"2. The remedy is to seek a modification of the order for alimony by reducing it to an order for the payment of a lump sum.

"3. The jurisdiction of the court, which entered the order for alimony may be invoked for modification, either by motion filed in the same cause or, in a proper case, by petition for that purpose filed in a separate action in the same court.

"4. When reduced to an order for the payment of a lump sum, the order for the payment of alimony may be sued in the same manner as a judgment for money only."

In the opinion on page 226 the court said:
"It is settled law in Ohio, and by the great weight of authority throughout the United States, that an order for alimony, not for a fixed sum, but payable in installments, over which the court reserves the right of modification, will not support an action to recover a money judgment in another state, as the same is not a final judgment. **Gilbert v Gilbert, 83 Oh St, 265, 94 NE, 421, 35 L.R.A., (N.S.) 521; 19 Corpus Juris, 298, §688; 1 Ruling Case Law, 957; Woodward v Woodward, 16 Oh Ap, 12."**

Further quoting from the opinion:
"By providing that the weekly payments should run until the further order of the court, the court making the order impliedly reserved the power in itself to modify the order. In other words, the court might at any time, in the exercise of a sound discretion, order the payments to cease and convert the order into a judgment for a gross sum of money."

This brings us to a consideration of another important point involved in the case at bar. The Common Pleas Court without ruling on the objections to jurisdiction and without any other evidence except the affidavits filed with the motion, entered judgment in favor of the plaintiff. In our opinion the court was without power so to do. The proper procedure should have been to first overrule the objections to jurisdiction and then set the case down for a hearing upon the motion to reduce the alimony decree to judgment. Since we read into the decree awarded in the original case the implied phrase "until further order of court," the court would be empowered in the exercise of sound discretion to make a substantial modification according to the facts presented. In entering judgment without first ruling upon the objections of defendant and without affording the defendant an opportunity to present a defense, the court committed error.

Judgment is ordered reversed with instructions to overrule objections to the court's jurisdiction and to set the case down for a hearing upon the merits.

LIEGHLEY, PJ, and TERRELL, J, concur in judgment.