**BEILSTEIN et, Plaintiff-Appellees v. BEILSTEIN et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19961.    Decided March 28, 1945.

Miller, Daus & Schwenger, Cleveland, Marvin Harrison, Cleveland, for plaintiff-appellees.

Morley, Stickle, Keeley & Murphy, Cleveland, Cummings, Mook, Strong, Douglas & Senghas, Cleveland, for defendants-appellants.

ROSS, J., of the First Appellate District, sitting by designation with Skeel, P. J., and Morgan, J., of the Eighth Appellate District.

## OPINION

By ROSS, J.

This is an appeal on questions of law from an order of the court of common pleas of Cuyahoga County made in an action for divorce and alimony brought by a wife against her husband, in which she also prayed for support and maintenance of a minor daughter. The order here considered and from which appeal was taken, was made upon a subsequent petition of the wife and mother for continued support and maintenance of such daughter, after she had become twenty-one years of age, and was found to have been mentally incompetent continuously from a date preceding her reaching the age of twenty-one.

This order directed payment from the estate of her insane father of $600.00 per month for support and maintenance of such daughter, $6000.00 to her Conservator, $4500.00 attorney fees, and $134.61 expenses.

For the purposes of this opinion the following facts may be considered as sustained both by the record and the special findings of the trial court.

Coit E. Beilstein and Helen Evans Beilstein were married December 13, 1917. They had one child, Barbara Beilstein (Eugenin) born Sept. 17, 1918. On November 1, 1919, a divorce was granted the wife and an order for alimoney and support and maintenance of their child entered. The final decree confirmed a separation settlement between the parents, the effect of which was to give the wife $3500.00 per year for her support and the support of Barbara, and the wife agreed to support and educate Barbara until she attained the age of eighteen years. In the event of her remarriage the amount was to be reduced to $1200.00 to be used by the wife for the support and education of the daughter until she reached the age of eighteeen years.

A trust fund known as Trust No. 1 was set up at the time with the Cleveland Trust Company as Trustee, to provide for such payments. In 1923 the husband was adjuged insane by a court in Massachusetts where he was then residing and his status has not since changed.

In 1924 the probate court of Cuyahoga county appointed The Cleveland Trust Company as Trustee of the husband's estate located in that county, and such trust fund known as Trust No. 2, or guardianship, is still in force. Such trust estates now amount to approximately $604,000.00. The present residence of the husband is Toledo, Ohio. The wife has remained unmarried.

The daughter upon the death of her father will receive at least one-half of such estate. She has been "mentally incompetent" since the summer preceding her twenty-first birthday on Sept. 17, 1939.

In 1936 the probate court of Cuyahoga County made an award out of the trust estate of the husband to his wife for the benefit of the daughter. Upon appeal to the Court of Appeals such award was set aside upon the ground that the Common Pleas Court alone had jurisdiction to make such award for the minor daughter.

On June 29, 1937, the Common Pleas Court made an order allowing payments to the mother for the support of the daughter out of the estate of the husband; such payments to cease when the daughter attained the age of 21. No payments have been made under such order since the daughter became 21 years of age in 1939.

In June, 1939, the daughter was confined in a hospital for the mentally ill and remained in such institution for fifteen months.

In April, 1941, the daughter married Senior Lieutenant Douglas V. Hugonin of the English Navy. The Lieutenant was advised of his wife's mental incapacity before the marriage. On July 4, 1942, a child was born of this marriage. On June 29, 1943, the daughter, Mrs. Hugonin, was formally adjudged "mentally ill" by the Court of Probate of the District of Hartford, Connecticut, and a Conservator was appointed for her. Such legal status has not since been changed.

On May 31, 1944, the daughter was adjudged insane by the Supreme Court of the State of New York and ordered committed to a public institution in that State for treatment. Such legal status has not since been changed.

On October 14, 1944, the Probate Court of Cuyahoga County made an order upon the estate of the father for the benefit of the daughter requiring payment of the sum of $250.00 per month directly to the daughter. Such order provided also for payment of certain sums to certain persons for expenses advanced for the benefit of the daughter. This order was affirmed by a divided visiting Court of Appeals. The daughter at such time it will be noted, was more than twenty-one years of age.

During the summer of 1944, a second child was born to Mrs. Hugonin.

Previous to such providing in the Probate Court the mother on October 31, 1939, on behalf of the daughter who was then more than 21 years of age, had filed a petition in common pleas court of Cuyahoga County for modification of the former decree of that court in the divorce action ordering payment of sums for the support and maintenance of the daughter, such payments having terminated when she reached the age of 21. The order from which the appeal here considered was taken is predicated upon such petition.

It is apparent that the amount of money necessary to defray expenses of treatment and care of the daughter due to her continued mental illness cannot be met by the combined revenue ordered by the probate court from the estate of her father, and such sums as her husband is able to contribute. Her mother contributes practically nothing toward defraying such necessary expenses. It may be taken for granted that her father, if competent to dispose of his property, would gladly provide all that was necessary for the well-being of his daughter.

The laws of the State of New York, where the daughter is now domiciled (it may be considered for the purposes of this opinion) require that the estate of the father answer for such expense in order that the daughter shall not be a public charge. The contention of the petitioner upon this point is accepted although there is serious doubt whether even if both the father and his estate were under the jurisdiction of the New York courts, a valid order would be made against his estate by such courts, in view of the facts herein involved.

The questions presented by this appeal are: (1) does the court of common pleas in a proceeding for divorce, alimony and support and maintenance of a minor child, have continued jurisdiction to order support and maintenance paid by the husband and father after the child has reached the age of 21?

(2), does the facts that such child has been actually mentally incompetent from a date preceding her becoming 21 years of age, effect the jurisdiction of such court to make such order in such action?

(3), even if the laws of New York, the present domicile of the daughter, require that the father contribute to the support of his adult mentally incompetent and destitute daughter, is such fact controlling upon the court of common pleas in this action for divorce, alimony and support?

1. The answer to the first question is, without doubt, that there is no jurisdiction to make such an order. §7997 GC. Thiessen v Moore, 105 Oh St 401; Blake v Blake, 20 Abs. 3; Bodle v Bodle, 37 Abs. 131; Brunswick v First Central Trust Co. 66 O. L. A. 242: Dornbusch v Dornbusch, No. 6484, First Appellate District, Feb. 19, 1945.

Most, if not all of these authorities, are also dispositive of the second question. The fact that the minor was mentally incompetent prior to reaching majority and continued so until the filing of the application for modification, does not give the common pleas court a jurisdiction over an adult merely because of such incompetency.

A novel suggestion is made, however, here that because such incompetency preceded the 21st birthday of the minor, she never reached majority. Such contention ignores the well recognized fact that minority ceases in this State upon arrival at the age of 21. The contention is predicated upon a construction of §8023 GC and particularly upon the words "who are under no legal disability." It is clearly apparent that this statute is confined to defining capacity to contract and has nothing to do with defining the jurisdiction of the common

pleas court over minors. Nor does §10512-2 GC aid the petitioner for it applies to the probate code by its terms.

The Constitution of Ohio recognizes the distinction between age and insanity. The limitations as to each are found in separate sections. See: **Art. V, Sec. 1, and 6, Ohio Constitution.**

The jurisdiction of the common pleas court is by virtue of **Art. IV, Sec. 4,** placed within the power of the legislature. In §11994 GC provision is made for support of "minor children" and "during the suit". It is true that in §§11979, 11987, 11998 GC the legislature has not limited the provisions of those sections to minor children.

It is inconceivable, however, that the legislature intended to give the common pleas court jurisdiction for temporary support only over minors and further jurisdiction over adult children who had reached their majority simply because it failed to again use the words "minor children" in the sections noted.

The burden does not rest upon the trustee of the husband's estate to show that the common pleas court does not have jurisdiction of a child over the age of 21, upon petition for its support and in an action for divorce and alimony but rather the burden rests on the petitioner to show that the legislature has conferred such jurisdiction upon the common pleas court.

All that the legislature has said indicates that such jurisdiction is limited to minor children. It has said nothing indicating that there is any jurisdiction in such an action over adult children even though mentally incompetent before majority. The common pleas court has only the jurisdiction specifically given it by the legislature. **Art. IV, 1 and 4,** §§11215-11979 GC, §7997 GC, must also be construed with the section giving the common pleas court jurisdiction in actions for divorce and alimony. That section limits the responsibilty on the part of the father to support only of minor children. Unless, therefore, the common pleas court is given specifically jurisdiction in actions for divorce and alimony to order support of mentally incompetent adult children, such order would extend the limitations imposed by §7997 G.C.

Coming now to the third questions, reference to §1890-1 et seq., will disclose that the State of Ohio has taken full jurisdiction over the mentally ill residing in this State. **Section 1890-34** places such persons (unless otherwise specifically provided) within the jurisdiction of the probate court. Their support and maintenance are provided for by §1890-46

where such persons are confined in State hospitals for the insane. **Sec. 1890-35 G.C.** however providing for responsibility of the State for insane persons is confined to bona fide residents of the State and that non-resident insane may be returned to the state of residence. There is, therefore, no possibility of a non-resident insane person becoming a charge against the State of Ohio.

**Sec. 1815-9 G.C.** makes the father responsible for the support of an insane child, but only when confined to a state institution and as just stated, such confinement may not be secured except in the cases of residents. It therefore appears that by no provisions of laws of the State of Ohio is power vested in the common pleas court in the action here considered to award support for a non-resident destitute adult mentally incompetent child, out of the trust estate of her insane father.

Even although it may be granted that the laws of the State of New York would require a contribution from the estate of the father if his estate were within the jurisdiction of the courts of that state, and the daughter was confined in an institution for the insane in New York, the fact remains that such estate lies within the jurisdiction of the Ohio courts and not the slightest vestige of controlling authority has been shown authorizing the common pleas court in such an action as is here involved to order contribution from the estate of the father. In any event, the application is not made by the State of New York and the order of the common pleas court was not for payment to that state. Certainly laws of New York providing generally for the responsibility of fathers for the support of insane adult children, when such children are not supported by the State of New York, can have no application in determining the jurisdiction of the court of common pleas in this action to order contribution from the estate of an insane parent.

Manifestly, such laws can have no extra territorial effect whatever, even if they exist. The paradox of necessity and wealth are not overlooked. However, it is well known that "hard cases made bad laws". It is not for this court to furnish remedy which the law fails to supply.

For these reasons the order of the common pleas court of Cuyahoga County is reversed and judgment may be here rendered in favor of the appellants. All the appeals are disposed of accordingly.

SKEEL, P. J., and MORGAN, J., concur.