COLLINS, APPELLANT, *v.* COLLINS, APPELLEE.

(No. 1096—Decided February 26, 1947.)

*Mr. Robert Merkle,* for appellant.
*Messrs. Myers, Mills, Boesch & Cline,* for appellee.

STEVENS, J. On May 29, 1928, Robert Collins filed an action for divorce against his wife, Ethel Collins, in the Court of Common Pleas of Wayne county, Ohio.

That action came on to be heard, and on July 29, 1929, a decree of divorce for plaintiff was entered on

the journal of said court. That decree provided in part as follows:

"* * *. It is further ordered that the care, custody and control of said children be vested in the defendant until further order of the court.

"It is further ordered that the plaintiff pay to the clerk of this court on or before the 15th day of August, 1929, the sum of $52.50, and on or before the 1st day of September, 1929, the sum of $52.50, and on or before the 1st and 15th day of each month the sum of $22.50; i. e., the plaintiff shall pay to the clerk of this court the sum of $22.50 for the support of said children, every two weeks, payable on the 1st and 15th day of each month *until further order of this court.*" (Italics ours.)

Nothing further appears on the transcript of docket and journal entries until. May 31, 1946, when the following entry appears (the transcript erroneously shows the entry to have been filed May *13*, 1946):

"The court being fully advised in the premises finds that a decree of this court was entered on July 29, 1929, allowing an alimony judgment to be made in installments, and the court now finds that there is due and owing on said decree the amount of $7,427.60 and $———costs.

"Wherefore, the court grants leave to the defendant, Ethel Collins, to have a certificate of judgment issued in the amount of $7,427.60 and $———costs."

On August 31, 1946, appellant filed his motion to vacate said purported judgment of May 31, 1946, for the following reasons:

"First: He was not served with summons or any other process or notice of the hearing nor did he have any actual notice or knowledge whatsoever of said hearing of May 31, 1946.

"Second: Said judgment was based on an order

made on or about August 15, 1929, for the support of children then minors and that there are defenses available to mover which he should be permitted to set up, and which he had no opportunity to bring to the attention of the court because of lack of notice of said hearing.

"Third: The court was without jurisdiction to enter judgment on said order after the lapse of over sixteen years without notice to the plaintiff.

"Fourth: Said judgment having been entered without service upon the plaintiff is a nullity.

"Fifth: Said judgment if permitted to stand will do irreparable damage to the plaintiff."

Proof of service of said motion and notice was duly made by appellant.

Upon hearing of said motion to vacate, the same was overruled, as follows:

"* * * *

"The court on due consideration finds that the decree made and entered on July 29, 1929, was a valid decree signed by the judge and counsel for both plaintiff and defendant; and that said decree provided on the record of this court for the three minor children and constituted a valid and continuing judgment against the plaintiff for the amount specified therein; and that the amount of $7,427.60 showing in said decree as entered on May 31, 1946, was the amount then appearing due and unpaid on the records of the clerk of this court, the medium through which said payments were to be made; that said decree operates as a judgment lien for the support of the minor children and is a continuing and subsisting lien against the plaintiff which does not become dormant and may be enforced by execution at any time, and that by reason thereof no notice to the plaintiff was necessary to give the court jurisdiction to make the summation and to-

taling of the balance due on May 31, 1946, on said original decree.

"It is, therefore, considered, ordered and adjudged that the motion to vacate and set aside the entry of judgment of May 31, 1946, be and the same is hereby overruled.

"It is further ordered that the plaintiff be given leave to set up and file any valid and substantial defense to said judgment within a period of twenty days from the filing of the within entry, to all of which plaintiff by his counsel excepts."

Within the statutory period an appeal from the order next above set forth was duly filed.

It will be observed from a reading of the original entry providing for the payment of support for the minor children that the order provided for payment in installments, and that the court reserved a continuing jurisdiction over that subject by the express terms of the entry.

In *Van Almsick* v. *Van Almsick*, 69 Ohio App., 425, 42 N. E. (2d), 228, it was decided that an order for support of minor children, payable in installments, is to be considered as in the same category as an alimony award payable in installments, "unless otherwise provided in the judgment entries."

It is not "otherwise provided" in the entry under consideration.

The case of *Meister* v. *Day*, 20 Ohio App., 224, 151 N. E., 786, dealing with alimony payable in installments, states the following:

"1. An order for alimony, not for a fixed sum, but payable in installments, over which the court expressly or impliedly reserves the right of modification, will not, without modification, support an action for a money judgment.

"2. The remedy is to seek a modification of the or-

der for alimony by reducing it to an order for the payment of a lump sum.

"3. The jurisdiction of the court which entered the order for alimony may be invoked for modification, either by motion filed in the same cause or, in a proper case, by petition for that purpose filed in a separate action in the same court.

"4. When reduced to an order for the payment of a lump sum, the order for the payment of alimony may be sued in the same manner as a judgment for money only."

From the foregoing it seems apparent that an order for support, payable in installments, over which the court reserves the right of modification, does not, as said by the trial court, without modification, "operate as a judgment lien for the support of the minor children," and is not "a continuing and subsisting lien against the plaintiff," nor may it be "enforced by execution at any time"; and it is not true that "no notice to the plaintiff was necessary to give the court jurisdiction to make the summation."

The rule is that an order for support, payable in installments, over which the court reserves a continuing jurisdiction, must first be modified by proper proceedings, so as to reduce the installment order to a lump sum award, before a judgment may be entered thereon.

The "proper proceedings" to procure a modification may be by motion filed in the same court which entered the order and in the same case in which the original order was made, or by petition filed in a separate action in the same court.

In either event, whether by motion or petition, notice to the adverse party is essential to invest the court with jurisdiction to determine the question presented.

What constitutes proper notice is not here involved, as no notice whatever was given.

Without such notice, unless waived, or appearance entered by the adverse party, the court is without jurisdiction, and an order made by the court under such circumstances is a nullity.

See *Reynolds* v. *Reynolds,* 12 Ohio App., 63.

The purported judgment entered by the trial court in the instant case was entered without notice of any kind to appellant, and no waiver or entry of appearance by appellant is shown or urged.

The purported judgment was a nullity, and void, and the court prejudicially erred in entering it.

The judgment is reversed because contrary to law, and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

DOYLE, P. J., and HUNSICKER, J., concur.