[No. 31581.   Department Two.   March 30, 1951.]

HORACE VAN TINKER, *Respondent*, v. MARION VAN TINKER, *Appellant*.[1]

*Alfred McBee*, for appellant.

*James G. Smith*, for respondent.

GRADY, J.—This appeal involves the question whether an interlocutory order of divorce requiring payment of money for the support and maintenance of a defective minor child continues in force after such child arrives at the age of majority.  On November 20, 1943, an interlocutory order of divorce was entered which awarded the custody of a minor child to appellant.  The order directed respondent to make monthly payments to appellant for the care, support, and maintenance of such child until further order of the court.  The child attained the age of majority on December 4, 1948.  The respondent has not made any payments to appellant for the support of the child since that time.

[1] Reported in 229 P. (2d) 333.

On March 4, 1949, appellant filed a petition in the divorce action praying that respondent be adjudged to be in contempt of court for failure to make such payments.

The appellant accepts the rule pronounced by this court in *Herzog v. Herzog,* 23 Wn. (2d) 382, 161 P. (2d) 142, that the operative effect of an interlocutory order of divorce providing for the support of a minor child ceases when such child reaches its majority, even though the order recites "until the further order of the court." She contends, however, that inasmuch as the liability of a father to support a child incapable of self-support survives attainment of majority, an exception to the rule exists and the interlocutory order remains in force until the necessity for the support ceases, citing *Schultz v. Western Farm Tractor Co.,* 111 Wash. 351, 190 Pac. 1007, 14 A. L. R. 514, and 39 Am. Jur. 710, Parent and Child, § 69.

■ These authorities, and many others which might be cited, pronounce the rule to be that the legal duty of a parent to support his normal children ceases at the age of majority, but if any of them are so defective as to be incapable of self-support he owes a continuing obligation of support as long as it is necessary. This obligation is one created by the common law. It does not arise out of an interlocutory order of divorce.

■ An interlocutory order of divorce made pursuant to Rem. Rev. Stat., §§ 988 and 989, can provide for the support of minor children, but when they reach the age of majority the order is satisfied so far as future support is concerned. The divorce statutes make no provision for adult children, even though they may be incapable of supporting themselves and were in such condition upon reaching their majority. The jurisdiction of the court to enforce the support order terminates upon children reaching the age of majority and cannot be again invoked in the divorce action. *Borchert v. Borchert,* 185 Md. 586, 45 A. (2d) 463, 162 A. L. R. 1078; *Beilstein v. Beilstein,* 43 Ohio L. Abs. 10, 61 N. E. (2d) 620; *Boehler v. Boehler,* 125 Wis. 627, 104 N. W.

840; *Rife v. Rife,* 272 Ill. App. 404; *Johnstone v. Johnstone,* 130 Misc. 243, 223 N. Y. S. 744.

The power of the court in a divorce action to provide for support or aid to an adult child, or to continue provision for support after a child reaches the age of majority, is extensively treated in the annotation to the *Borchert* case, 162 A. L. R. 1084. The case of *Wells v. Wells,* 227 N. C. 614, 44 S. E. (2d) 31, 1 A. L. R. (2d) 905, involves the obligation of a father to contribute to the support of a defective child who was such both before and after attaining majority. The annotation appended to the case is under the heading "Parent's obligation to support adult child." In the *Wells* case, the controversy did not arise out of a divorce action. The mother of the child brought suit against his father, who was living separate from the family, to recover expenses she had incurred in the necessary maintenance of the child, who was then an adult, but was mentally and physically incapable of earning a livelihood.

■ An examination of the decided cases indicates the rule to be that whenever the aid of the court is sought to compel the father of an adult child incapable of self-support (whether such incapacity occurred during minority or afterwards) to render such aid, it must be by some proceeding other than in the original divorce action between the parents. We recognized this principle in *Springstun v. Springstun,* 131 Wash. 109, 229 Pac. 14, 40 A. L. R. 595:

"There is a decree of court, entered, it is true, for the purpose of requiring the appellant to support his minor child, but the question now is, has this decree been satisfied. If it has been satisfied, it no longer imposes any duty on the appellant. It may be that he still owes the duty of support, but if this be so, it must be enforced in special proceedings instituted for that purpose, proceedings in which the appellant will have the right to appear and be heard as to the amount of such support. It cannot be done by the revival of an expired decree."

In the above annotations, a few cases adopting a contrary view are cited, but an analysis of them will disclose that the court considered support statutes enforcible through a

divorce decree, or that in divorce actions the court was not limited by statute but could exercise in connection therewith its general equity powers.

The court was without jurisdiction to entertain contempt proceedings in aid of enforcement of the interlocutory order to require respondent to contribute to the support and maintenance of his adult son. Any liability for such aid must be determined by a court of competent jurisdiction in some proceeding other than one arising out of the divorce action between respondent and appellant.

The judgment is affirmed.

SCHWELLENBACH, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.