[Civ. No. 20053.   Second Dist., Div. Two.   Mar. 15, 1954.]

RAE PERTZ KAHN, Appellant, v. LEO J. KAHN,
Respondent.

Stanton, Stanton, Welbourn & Moore, Sidney S. Kohn and Louis B. Stanton for Appellant.

Bernard B. Cohen for Respondent.

MOORE, P. J.—On February 27, 1953, Mrs. Kahn sued her former husband for $93,000 and interest on a judgment obtained by her on October 31, 1925, in Cuyahoga County, Ohio.[*] From her pleading as finally settled, it appears that prior to the judgment both parties resided in Ohio; that they were husband and wife and had three children, Rita, Helen and Joyce; Mrs. Kahn instituted an action, caused personal service to be made on defendant, their marriage to be dissolved and custody of the three children to be awarded to her. The decree provided for alimony and support as follows: "It is ordered that the plaintiff is hereby allowed as reasonable alimony for herself and the support of her three minor children, and the defendant is ordered to pay to the plaintiff the sum of Three Hundred ($300.00) per month, each and every month, until the further order of the court."

When the instant action was called for trial, the court sustained respondent's objection to the introduction of any evidence on the ground that the third amended complaint does not state a cause of action. Judgments of dismissal were thereupon entered. From the arguments made, it is assumed that the appeal applies only to the judgment in favor of Leo J. Kahn.

Two questions are posed for solution, namely, (1) Is the action barred by the statutes of limitation? (2) Is the Ohio decree sufficiently certain to be enforceable?

### ACTION IS BARRED

■ That the Court of Common Pleas of Cuyahoga County, Ohio, had jurisdiction of causes relating to divorce and child support is beyond dispute. It could provide alimony to a wife and support money to her children. In the exercise of such powers, the Ohio court awarded $300 as "alimony for herself and the support for her three minor children." But, since all three children had attained their majorities more than 10 years prior to the commencement of this action, how may any one of them prevail in an action on such judgment? Section 336 of the Code of Civil Procedure bars an action

---

[*]Respondent's present wife was joined as a defendant, but inasmuch as her presence as a party is immaterial to the issues on this appeal, no further mention will be made of her.

upon a decree of the court of any state if brought more than five years after its date. The language of the section, on the face of it, bars an action on a judgment commenced more than five years after its entry in the original court. But inasmuch as a child under age might enforce a judgment for the last five years preceding the filing of a complaint on the foreign judgment or for any portion of such five years, a question is raised as to the applicability of section 336. Because no installment payable under the Ohio judgment became payable within such last preceding five years, and because all had matured more than five years before the instant suit was filed, not one of the three children can successfully assert a right under the Ohio decree, even if the entire judgment had run in their favor only. (§ 336, *supra*; *Biewend* v. *Biewend*, 17 Cal.2d 108, 115 [109 P.2d 701, 132 A.L.R. 1264]; *Castle* v. *Castle*, 71 Cal.App.2d 323, 324 [162 P.2d 656].) █ At the trial, appellant conceded that she was not entitled to recover any installment that had matured more than five years prior to the filing of her action. Having thus supported the position of the trial court at the trial, she is now estopped to assert the contrary. (*Cross* v. *Bouck*, 175 Cal. 253, 257 [165 P. 702]; *Kalmus* v. *Kalmus*, 103 Cal. App.2d 405, 426 [230 P.2d 57]; 4 Cal.Jur.2d 558, p. 424.)

█ Appellant blandly waves aside the question of the California statute of limitation and asserts her right under section 1 of article IV of the federal Constitution which requires full faith and credit to be given in each state to the public acts, records, and judicial proceedings of every other state, as that section is implemented by 28 U.S.C., section 1738. She cites in support of her thesis *Sistare* v. *Sistare*, 218 U.S. 1 [30 S.Ct. 682, 54 L.Ed. 905]; *Barber* v. *Barber*, 323 U.S. 77 [65 S.Ct. 137, 89 L.Ed. 82, 157 A.L.R. 163]; *Biewend* v. *Biewend*, 17 Cal.2d 108 [109 P.2d 701, 132 A.L.R. 1264]; *Barns* v. *Barns*, 9 Cal.App.2d 427 [50 P.2d 463]. Full faith and credit is not the precise issue. The judgment had served its purpose everywhere and could have commanded full faith and credit until it encountered the statutes of limitation. It is of no value now to the children because it has fully served its express purposes. It was never intended to provide support for the children after they reached majority, even had they continued to reside in Ohio. (Ohio Rev. Code, §§ 3103.03, 3105.14, 3109.01.*)

---

*The Ohio Code sections require (1) the husband to support his wife and minor children; (2) the courts to grant alimony for the wife and

In *Sistare* v. *Sistare, supra,* the New York decree directed the payment of weekly installments as alimony and child support. When plaintiff sued in Connecticut to recover the accrued installments, she lost in the Supreme Court of that state on the theory that because the New York court had power retrospectively to modify accrued installments, the New York judgment was not entitled to full faith and credit. But the Supreme Court of the United States held that the New York court had no power to modify accrued installments and that the New York decree as to accrued installments was entitled to full faith and credit. However, the decision is not pertinent here because the Sistare children were still minors when their mother sued in Connecticut.

The Barber case, *supra,* is not pertinent because it involved alimony only. In *Biewend* v. *Biewend, supra,* it was held that as to accrued installments, not subject to modification by the Missouri Court, the judgment was held to be entitled to full faith and credit; but as to future installments, subject to modification, they were not entitled to full faith and credit but are enforceable under the doctrine of comity. The other cited cases, *Barns* v. *Barns,* 9 Cal.App.2d 427 [50 P.2d 463]; *Handschy* v. *Handschy,* 32 Cal.App.2d 504 [90 P.2d 123]; *Gough* v. *Gough,* 101 Cal.App.2d 262 [225 P.2d 668]; *MacDonald* v. *Butler,* 68 Cal.App.2d 120 [156 P.2d 273]; *Armstrong* v. *Armstrong,* 117 Ohio St. 558 [160 N.E. 34, 57 A.L.R. 1108], are likewise distinguishable on their facts.

Not only is the judgment for support of the children barred by the provisions of section 336 of the Code of Civil Procedure, but it is barred also by the laws of Ohio. After declaring the legal obligation of a parent to support his child (Ohio Gen. Code, § 7997) only to, but not beyond the child's majority, the Supreme Court of Ohio proceeded to declare: "a proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such powers as the statute expressly gives. The legislature having imposed no obligation upon the parent beyond the majority of the children, the court was without power to create such obligation, was without power to do other than to provide for the maintenance, care, education and custody of the children during minority and was without

support for the minors; and declares all persons over 21 years, under no legal disability, are of full age for all purposes.

power to make any order with reference to the children which was not for the purpose of maintenance, care, custody and control during minority." (*Thiessen* v. *Moore*, 105 Ohio St. 401 [137 N.E. 906, 911].) In that case the defendant had been ordered by the divorce decree to convey land to his spouse for life, the remainder to their four children. Instead, the husband bequeathed the land to one of his sons. In reversing the judgment which held the title to have been vested in the four children, the Ohio Supreme Court declared the law in the language above quoted and held that the effect and undoubted purpose ·of the order was to direct the course of the succession of the title to the real estate after the death of the parents, and not to provide maintenance for the children during minority; it was beyond the jurisdiction of the court in that respect, and was absolutely void. In *Miller* v. *Miller*, 154 Ohio St. 530 [97 N.E.2d 213], and in *Beilstein* v. *Beilstein*, (Ohio App.) 61 N.E.2d 620, and *In re Beilstein*, (Ohio App.) 62 N.E.2d 202, the Supreme Court of Ohio with emphatic language determines that a parent, in a divorce action, cannot be required to support a child after it has attained its majority; "there is no jurisdiction to make such an order. Section 7997, General Code . . . limits the responsibility on the part of the .father to support only of minor children." (*Beilstein* v. *Beilstein, supra*, pp. 622, 623.) There "is no legal liability on the part of a father to support and maintain an adult child." (*In re Beilstein, supra*, p. 207.)

From the foregoing it cannot be successfully disputed that orders and decrees of divorce courts in Ohio for child support are by implication, by operation of law and express statutory provision, limited to the child's minority and automatically expire with its attaining majority. (See decisions of courts in other states: *Rife* v. *Rife*, 272 Ill.App. 404; *Van Tinker* v. *Van Tinker*, 38 Wn.2d 390 [229 P.2d 333, 334]; *Boehler* v. *Boehler*, 125 Wis. 627 [104 N.W. 840, 841]; *Hansen* v. *Hansen*, 93 Cal.App.2d 568, 570 [209 P.2d 626].)

### · THE JUDGMENT AS TO ALIMONY

■ Even though the judgment with respect to child support had expired more than 10 years prior to the commencement of this action, appellant evidently conceives that it should operate in her favor for the alimony included. How can that be done? The courts of California are not expected to rewrite the judgments of the courts of Ohio. If the proposal is that we can reasonably interpret a definite share of

the $300 monthly installments was intended for appellant in her own right, the answer is that nothing is found in the Ohio judgment to indicate the amount that was intended by the court as alimony. The judgment is, therefore, too uncertain to be enforceable and the amended pleading, consequently, does not state a cause of action. If appellant is to realize upon the judgment, she must resubmit the matter to the Ohio court for a clarification. From a review of the pertinent decisions it is clearly the established law that if a wife seeks to recover the unpaid installments on her decree from another court and the amount of her award is the combined sum of alimony and child support and her children have attained their majorities and the court is unable to determine the portion intended for alimony as distinguished from the part allowed for child support, then the entire award of such decree is illegal and nonenforceable. (*Hale* v. *Hale*, 6 Cal. App.2d 661 [45 P.2d 246].)* The judgment in suit can serve no purpose unless it be first resubmitted to the court of its origin for modification.

The law is well exemplified by the case of *Levy* v. *Dockendorff*, 177 App.Div. 249 [163 N.Y.S. 435]. Having had judgment in North Dakota for the sum of $85 monthly as alimony and child support the wife sued in New York to recover the arrearages. It was there held that even though the plaintiff's right to alimony was barred by a specified contract, no recovery could be allowed for her son because the decree made no apportionment. "It is not shown," said the court, "how or why that amount was fixed. . . . The record fails to disclose either the operation of his [the North Dakota judge's] mind or the facts upon which his decision was reached. There exists, therefore, no basis upon which an apportionment may be made by this court. That issue must be relegated to the foreign tribunal in which the matter was originally presented and determined."

In *Hale* v. *Hale, supra,* in 1918 the wife was awarded $45 per month for alimony and support of three children. After

---

*Accord: *Danz* v. *Danz*, 96 Cal.App.2d 709, 713 [216 P.2d 162]; *Harris* v. *Harris*, 10 Cal.App.2d 734, 736 [52 P.2d 985, 54 P.2d 459]; *McVey* v. *McVey*, 60 Ariz. 380 [137 P.2d 971, 972]; *Levy* v. *Dockendorff*, 177 App.Div. 249 [163 N.Y.S. 435, 439]; *Parker* v. *Parker*, 203 Cal. 787, 795 [266 P. 283]; *Schluter* v. *Schluter*, 130 Cal.App. 780, 785 [20 P.2d 723]; *McKannay* v. *McKannay*, 68 Cal.App. 701, 706 [230 P. 214]; *Herman* v. *Brennan*, 236 Mich. 604 [211 N.W. 52, 53]; *Boehler* v. *Boehler*, 125 Wis. 627 [104 N.W. 840, 841]; *Rife* v. *Rife*, 272 Ill.App. 404, 411.

the youngest child had attained her majority in 1932, the mother obtained an ex parte order for execution as to installments which had accrued between 1921 and 1932. In remanding the cause, the court directed issuance of execution only as to installments which had accrued to the date of the wife's remarriage in 1926. The court said, page 663, "In August, 1932, the youngest child became of age and thereupon the entire duty of defendant based upon the decree ceased. In 1926 plaintiff remarried and within two years thereafter the two elder children had become of age. To determine what portions of the entire amount during the later years, after the remarriage of plaintiff, would be allowed for the support of Earl who had attained his majority in August 1932, would be to indulge in speculation and guess and such determination is clearly not the province of this court or of the trial court."

The authorities cited in the marginal note hold that a court cannot allocate a portion of a combined award of another court for alimony and a part for child support. (See also *Evans* v. *Evans*, 116 Wash. 460 [199 P. 764].)

Appellant can recover nothing on account of her children because (1) more than five years had elapsed between the date her youngest child attained majority and the date she filed her complaint herein and (2) because the Ohio decree is uncertain as to the amount of the award for child support. She can recover no alimony because it cannot be gathered from the decree the amount the court intended for the wife. Therefore, the exclusion of all evidence was the correct ruling on the grounds cited.

### BARRED IN OHIO

There is still another reason why the complaint does not state a cause of action, namely, the law of Ohio. Were appellant to return now to the state of her origin, she could not recover arrearages for child support because the children have attained their majorities and she is guilty of laches. Also, since the Ohio court reserved continuing jurisdiction over the subject of alimony and child support, appellant does not possess the absolute right to recover in a collateral proceeding, in another court. Before she can make any headway toward realizing on her judgment, she must request the court that dissolved her marriage to modify the decree by entering a judgment for the accrued sums. (*In re Shipley*, 11 Ohio Supp. 20; *Meister* v. *Day*, 20 Ohio App. 224 [151 N.E. 786,

787]; *Collins* v. *Collins,* 79 Ohio App. 329 [73 N.E.2d 814, 816].) In each of the cited cases the order to pay was limited, as in the instant judgment, by the phrase "until the further order of this court." Each action failed either because of laches on the part of the plaintiff or because she had neither moved the court that had entered the decree to reduce the installment order to a lump sum nor petitioned the same court in a separate action for a lump sum judgment. By reason of the fact that in the judgment here involved, the Ohio court expressly reserved a continuing jurisdiction over the subject matter, appellant can state no cause of action until she has requested the Ohio court to modify its decree by adjudging a definite lump sum to be due. Having failed to do so, her complaint states no valid cause of action.

*State* v. *Cook,* 66 Ohio St. 566 [64 N.E. 567], and *Armstrong* v. *Armstrong,* 117 Ohio St. 558 [160 N.E. 34], cited by appellant are factually distinguishable.

Judgment affirmed.

McComb, J., and Fox, J., concurred.