[L. A. No. 23791.   In Bank.   Mar. 2, 1956.]

PEARL C. HOPKINS, Appellant, v. GUY B. HOPKINS, Respondent.

Courtney A. Teel for Appellant.

George B. Bush for Respondent.

TRAYNOR, J.—Plaintiff brought this action in September 1950 to collect the accrued arrearages not barred by the statute of limitations (see *Hopkins* v. *Hopkins,* 116 Cal.App. 2d 174 [253 P.2d 723]) under a 1927 Colorado decree of divorce, which incorporated a property settlement agreement providing that defendant should pay to plaintiff "in lieu of all payments of alimony and support money, and by way of support and maintenance for the first party [plaintiff] and their said minor children, the sum of One Hundred Fifty Dollars ($150) per month . . ." in addition to certain lump-sum payments that were to be made within three years from the date of the decree of divorce. The property settlement agreement also provided that "If the first party hereto

[plaintiff] shall at any time remarry, such re-marriage on the part of the party of the first part shall relieve second party [defendant] from the payment of any further alimony to the first party. But such marriage, if any such takes place, shall not relieve the party of the second part from the payment to the first party of such proportionate part of the monthly payments hereinbefore provided for as shall be reasonably necessary for the support, maintenance, and education of their said children as long as said children or any of them remains a minor and in the custody of the first party.'' In the present action, the trial court concluded as a matter of law that the Colorado ''Judgment and Decree sought to be sued upon is too uncertain to be sued on and is unenforceable in California'' (*cf. Kahn* v. *Kahn,* 123 Cal.App.2d 819, 824 [268 P.2d 151]), and entered judgment for defendant. Plaintiff appeals.

The uncertainty is said to arise from the fact that the property settlement agreement specifies a gross amount for the support of the wife and children, without segregating the amounts attributable to each, and that since the children have all reached the age of majority, defendant's obligation is limited to the support of plaintiff, who has not remarried. Relying on *Kahn* v. *Kahn,* 123 Cal.App.2d 819, 823-825 [268 P.2d 151], defendant contends that the California courts are ''without power'' to determine the proportion of the total support obligation attributable to plaintiff, and thus that defendant's obligation cannot be enforced in California until plaintiff obtains a determination by a Colorado court of the proportion of the total support obligation attributable to her.

In the Kahn case the court said that ''if a wife seeks to recover the unpaid installments on her decree from another court and the amount of her award is the combined sum of alimony and child support and her children have attained their majorities and the court is unable to determine the portion intended for alimony as distinguished from the part allowed for child support, then the entire award of such decree is illegal and nonenforceable. [Citations.] The judgment in suit can serve no purpose unless it is first resubmitted to the court of its origin for modification.'' (123 Cal.App.2d at 824.) The California cases cited as authority for that statement do not support it. (See the review of those cases in *Wilkins* v. *Wilkins,* 95 Cal.App.2d 605, 607-611 [213 P.2d 748]; see also *Anderson* v. *Anderson,* 129 Cal.App.2d 403, 406-407 [276 P.2d 862] [following the Wilkins case and dis-

tinguishing the Kahn case as applicable only to actions on sister-state alimony and support decrees].) Furthermore, although the present case differs from the Kahn case in that defendant's obligation has its origin in an integrated property settlement agreement rather than in a judicial award of alimony and in that there was evidence presented to the trial court that would enable it "to determine the portion intended for alimony as distinguished from the part allowed for child support," the rationale of the holding in the Kahn case is inconsistent with *Worthley* v. *Worthley*, 44 Cal.2d 465 [283 P.2d 19], and must therefore be disapproved. In the Worthley case this court rejected the contention that a prospectively and retroactively modifiable sister-state support decree is too uncertain to form the basis of an action in this state for a money judgment, and we held "that foreign-created alimony and support obligations are enforceable in this state. In an action to enforce a modifiable support obligation, either party may tender and litigate any plea for modification that could be presented to the courts of the state where the alimony or support decree was originally rendered." (44 Cal.2d at 474.)

Plaintiff's contractual right to receive her proportionate share of the $150 monthly payment under the Colorado decree is not subject to modification by this or any other court (*Zlaten* v. *Zlaten*, 117 Colo. 296, 298-299 [186 P.2d 583]; *Hall* v. *Hall*, 105 Colo. 227, 235-239 [97 P.2d 415]; *cf. Dexter* v. *Dexter*, 42 Cal.2d 36, 40 [265 P.2d 873]), and the crucial question presented to the trial court in the present case was to resolve the ambiguity latent in the property settlement agreement by determining the proportion of defendant's obligation attributable to plaintiff. (See *Meek* v. *Meek*, 51 Cal.App.2d 492, 495 [125 P.2d 117]; *Putnam* v. *Putnam*, 51 Cal.App.2d 696, 699 [125 P.2d 525].) This proportion is indicated in part by the provisions of the property settlement agreement itself for it is provided therein that in the event plaintiff should remarry defendant's obligation should be limited to the proportionate part of the monthly payment that is "reasonably necessary for the support, maintenance, and education of their said children as long as said children or any of them remains a minor . . ." The meaning of this provision may be ascertained by looking to the subsequent acts and declarations of the parties (*Barham* v. *Barham*, 33 Cal.2d 416, 423 [202 P.2d 289], and cases cited), of which there was evidence presented in the trial of the present case.

The trial court should have made a finding on the basis of that evidence and entered judgment accordingly.

The judgment is reversed.

Gibson, C. J., Carter, J., and Dooling, J. pro tem.,* concurred.

SPENCE, J.—I dissent.

I am of the opinion that the trial court properly entered judgment for defendant, and that said judgment is in accord with the decision in *Kahn* v. *Kahn,* 123 Cal.App.2d 819 [268 P.2d 151]. I would not disapprove the Kahn case, as does the majority opinion; and while the case of *Worthley* v. *Worthley,* 44 Cal.2d 465 [283 P.2d 19], cited in the majority opinion, is not directly in point, I adhere to the views expressed in my dissenting opinion in that case.

I would affirm the judgment.

Shenk, J., and Schauer, J., concurred.

Respondent's petition for a rehearing was denied March 28, 1956. Shenk, J., Spence, J., and Schauer, J., were of the opinion that the petition should be granted. Dooling, J. pro tem., participated therein in place of McComb, J.

---

*Assigned by Chairman of Judicial Council.